# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 16, 2011

Lyle W. Cayce
Clerk

No. 10-40939
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ANTHONY JACOB SANCHEZ,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:09-CR-1018-2

Before BARKSDALE, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Anthony Jacob Sanchez appeals his 52-month sentence imposed following his guilty-plea conviction for conspiracy to possess, with intent to distribute, less than 50 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846. Sanchez contends the district court violated Sentencing Guideline § 6A1.3, p.s., and Federal Rule of Criminal Procedure 32(i)(3)(B), by overruling his objection to the Guideline § 2D1.1(b)(1) two-level enhancement for possession of a dangerous weapon, without resolving disputed facts. He further contends

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the court clearly erred in imposing the two-level enhancement because: the Government did not demonstrate, by a preponderance of the evidence, that his codefendant's possession of the firearm was reasonably foreseeable to him; and that possession was not connected to the offense.

Although Sanchez challenged the enhancement in district court, he did not object at sentencing to the district court's claimed failure to comply with Guideline § 6A1.3 or Rule 32. Accordingly, that contention is reviewed only for plain error. *See, e.g.*, *United States v. Reyna*, 358 F.3d 344, 347-50 (5th Cir. 2004); *United States v. Esparza-Gonzales*, 268 F.3d 272, 274 (5th Cir. 2001). To demonstrate reversible plain error, Sanchez must show a clear or obvious error that affects his substantial rights. *E.g.*, *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If reversible plain error is shown, our court retains discretion to correct it and, generally, will do so only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Our court has "rejected the proposition that a [sentencing] court must make a catechismic regurgitation of each fact determined". *United States v. Carreon*, 11 F.3d 1225, 1231 (5th Cir. 1994) (citations and internal quotation marks omitted). Instead, it may "make implicit findings by adopting the [presentence investigation report (PSR)]". *Id.* The record does *not* show that the portion of the video recording submitted by defense counsel at sentencing was evidence demonstrating that any of the underlying facts provided in the PSR were inaccurate or materially untrue. *See United States v. Washington*, 480 F.3d 309, 320 (5th Cir. 2007).

The court considered the contentions of the parties, including those by defense counsel that the possession of the firearm by Sanchez' codefendant was not foreseeable to Sanchez and that the firearm possession was not connected to the offense. Moreover, the court adopted, in relevant part, the PSR, which provided that Sanchez' codefendant, who lived with Sanchez, showed the loaded

weapon to the confidential informant in the bedroom, where the weapon was located during the course of the drug transaction.

Accordingly, we are "not presented with a record that leaves this court 'second-guessing' the basis of the sentencing court's decision". *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 765 (5th Cir. 2008). With respect to Sanchez' contention that the court failed to resolve disputed facts, he has *not* identified an error that is obvious or "readily apparent". *See United States v. Vital*, 68 F.3d 114, 119 (5th Cir. 1995); *see Puckett*, 129 S. Ct. at 1429.

As noted, Sanchez also contends, as he did in district court, that the district court erred in imposing the two-level enhancement under Guideline § 2D1.1 because, as discussed above:  the Government did not show, by a preponderance of the evidence, that his codefendant's firearm possession was reasonably foreseeable to Sanchez; and because that possession was not connected to the offense. Although post-*Booker*, the Sentencing Guidelines are advisory only, and an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the guideline-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 51 (2007). In that respect, its application of the guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *Cisneros-Gutierrez*, 517 F.3d at 764; *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005).

Accordingly, the court's decision whether to impose Guideline § 2D1.1's enhancement is reviewed *de novo*, but the facts found in applying that guideline are reviewed only for clear error. *United States v. Zapata-Lara*, 615 F.3d 388, 390 (5th Cir. 2010). "Clear-error review only requires a factual finding to be plausible in light of the record as a whole." *United States v. Rodriguez*, 630 F.3d 377, 380 (5th Cir. 2011). The unrebutted facts reveal: Sanchez' codefendant knowingly possessed the firearm during the course of the methamphetamine transaction at their shared residence; and Sanchez' codefendant showed the

No. 10-40939

loaded firearm to the confidential informant while they waited in the bedroom for Sanchez to return with the drugs. The court's finding is plausible based on the record as a whole. *See Cisneros-Gutierrez*, 517 F.3d at 765-66.

AFFIRMED.