# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 18, 2013

Lyle W. Cayce
Clerk

No. 12-30411
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

THOMAS G. WILLIAMS,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:10-CR-197-1

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Thomas G. Williams appeals the 240-month below-guidelines sentence he received after he pleaded guilty to conspiracy to distribute and possess with intent to distribute one kilogram of heroin and possessing with intent to distribute one kilogram of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A); 846.

Williams does not contest that he is accountable for up to 10 kilograms of heroin and focuses instead on the additional tenth kilogram the district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

extrapolated to compute his base offense level. "The district court's calculation of the quantity of drugs involved in an offense is a factual determination." *United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005) (internal quotation marks and citation omitted). When an amount of drugs seized "does not reflect the scale of the offense, the court shall approximate the quantity of the controlled substance." § 2D1.1, comment. (n.12); *see Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005). In approximating, the district court was free to consider Williams's relevant conduct and could extrapolate drug quantity from "any information that has sufficient indicia of reliability to support its probable accuracy . . . even hearsay." *United States v. Valdez*, 453 F.3d 252, 267 (5th Cir. 2006) (internal quotation marks and citation omitted). Whether the use of the extrapolation method is appropriate, however, depends on the facts of the particular case. *See, e.g., Betancourt*, 422 F.3d at 246-47.

We need not reach whether the district court erred when it extrapolated the additional one kilogram of heroin because the purported error was harmless. The district court stated that it had considered Williams's one prior conviction for manslaughter at age 17 and otherwise lack of a long-term criminal record, his heavy involvement in the longstanding heroin conspiracy, and the profit he received and that a 240-month sentence would fulfill the 18 U.S.C. § 3553 factors. These comments evince that the district court had the 240-month sentence in mind and would have imposed it, notwithstanding the purported error. *See United States v. Harris*, 597 F.3d 242, 261 (5th Cir. 2010).

Williams also argues that the district court erred when it determined drug quantity without making an express fact finding. Because Williams did not object to the district court's failure to make express fact findings, his argument is reviewed for plain error. *See United States v. Neal*, 578 F.3d 270, 272 (5th Cir. 2009). Even if, for the sake of argument, the district court committed clear or obvious error by failing to make express fact findings, given that Williams received a sentence below the guidelines range and does not argue that an

adequate explanation would have change his sentence, he cannot show that the purported error affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Mondragon-Santiago*, 565 F.3d 357, 365 (5th Cir. 2009).

Williams also argues that the district court plainly erred when it enhanced his sentence under § 2D1.1 for firearms found at the residences of his co-defendants. Whether § 2D1.1 applies is a factual issue. *United States v. Zapata-Lara*, 615 F.3d 388, 390 (5th Cir. 2010). If an issue is factual and could have been resolved in the district court on proper objection, there can never be plain error. *United States v. Rodriguez*, 602 F.3d 346, 361 (5th Cir. 2010). Even so, the record supports the application of the enhancement. *See* § 1B1.3(a)(1)(B); *Zapata-Lara*, 615 F.3d at 390.

AFFIRMED.