# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 2, 2013

Lyle W. Cayce
Clerk

No. 12-10639
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DANIEL PATRICK MOORE, also known as Danny,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:11-CR-198-1

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Daniel Patrick Moore was convicted of possession with intent to distribute methamphetamine and sentenced to 225 months of imprisonment, to run consecutively to his sentence in a pending state case, and three years of supervised release. On appeal, Moore contends that the district court erred by applying the sentence enhancement in U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) [hereinafter "U.S.S.G."] for possession of a dangerous weapon and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that the use of relevant conduct to increase his sentence violated the Sixth Amendment.

Section 2D1.1 provides for a two-level enhancement of a defendant's offense level "[i]f a dangerous weapon (including a firearm) was possessed." § 2D1.1(b)(1).  The Government can prove personal possession of a dangerous weapon "by showing a temporal and spatial relationship of the weapon, the drug trafficking activity, and the defendant." *United States v. Zapata-Lara*, 615 F.3d 388, 390 (5th Cir. 2010).  It may prove vicarious possession "when another individual involved in the commission of an offense possessed the weapon . . . [and] the defendant could have reasonably foreseen that possession." *Id.* (internal quotation marks and citation omitted); *see also* U.S.S.G. § 1B1.3(a)(1)(B) (A defendant involved in a "jointly undertaken criminal activity" is responsible under the Guidelines for "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity."); *United States v. DeLaGarza*, 460 F. App'x 406, 409 (5th Cir. 2012) (unpublished opinion) ("This latter proof is known as vicarious possession.").

Ordinarily, we review de novo the district court's legal application of § 2D1.1(b)(1).  *Zapata-Lara*, 615 F.3d at 390.  However, since Moore failed to preserve the specific arguments he raises on appeal, his arguments will be reviewed for plain error.  *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009).  To show plain error, Moore must show that the error was clear or obvious and affects his substantial rights.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes such a showing, we have the discretion to correct the error but only if it "'seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.'"  *Id.* (alteration in original) (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)).

The district court applied the dangerous weapon enhancement based on the shotgun found in Moore's codefendant's home.  Moore contends that the district court incorrectly applied an inapposite, personal possession rationale to support the enhancement and  supplanted the presentence report (PSR) finding

that he vicariously possessed the weapon. The district court referred to the temporal and spatial relationship between the shotgun and the drug-trafficking activity in which Moore and his codefendants were jointly involved. In so doing, the district court incorporated the requisite findings that the codefendant possessed the shotgun in connection with the offense and that Moore could have reasonably foreseen that his codefendant would possess a weapon in furtherance of their jointly undertaken criminal activity. The district court also adopted the PSR, which expressly concluded that Moore could have reasonably foreseen that his codefendant would possess a weapon in connection with the offense. *See United States v. Cisneros-Gutierrez*, 517 F.3d 751, 765-66 (5th Cir. 2008). We perceive no error in the district court's application of the vicarious possession test.

Moore's contention that there was insufficient evidence that the codefendant possessed the shotgun in connection with the offense is unavailing. He ignores the unrebutted evidence in the PSR that the codefendant sold the methamphetamine he obtained from Moore at the codefendant's residence; the shotgun was found in the codefendant's bedroom along with a holster, ammunition, and drug-trafficking paraphernalia; and the codefendant was reputed to carry a firearm. Further, one of the drug sales that occurred shortly before the search of the codefendant's residence was actually conducted in the codefendant's bedroom. Based on this evidence, the district court was entitled to infer that the codefendant possessed the shotgun in connection with the offense. *See Zapata-Lara*, 615 F.3d at 390. To the extent that Moore argues that he could not have foreseen that the codefendant would possess the shotgun, "[i]t was readily foreseeable that firearms would be employed as tools of the drug trafficking trade." *United States v. Garza*, 118 F.3d 278, 286 (5th Cir. 1997). There was no error, plain or otherwise, in the application of the enhancement for possession of a dangerous weapon in § 2D1.1(b)(1).

Moore's contention that the use of relevant conduct to enhance his sentence violated the Sixth Amendment is foreclosed. *See United States v. Booker*, 543 U.S. 220, 244-45 (2005); *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005).

The judgment of the district court is AFFIRMED.