# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 6, 2013

No. 11-50569
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EDGAR ISAAC NEVAREZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:10-CR-1563-9

Before STEWART, Chief Judge, and KING and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Edgar Isaac Nevarez pleaded guilty to one count of conspiring to import more than five kilograms of cocaine, one count of conspiring to possess more than five kilograms of cocaine with intent to distribute, and one count of conspiring to possess a firearm in furtherance of a drug trafficking crime. He was sentenced to serve a below-guidelines 110-month prison term as well as a 5-year term of supervised release. Now, he argues that the district court erred by accepting his guilty plea to the firearms charge because the factual basis offered

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in support of it does not show the essential elements of this offense. As he concedes, we review this claim for plain error due to his failure to present it to the district court. *See United States v. Palmer*, 456 F.3d 484, 489 (5th Cir. 2006).

To establish plain error, one must show an error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). Even if this showing has been made, this court will exercise its discretion to correct the error only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Puckett*, 556 U.S. at 135 (internal quotation marks and citation omitted). Meeting this standard is "difficult, as it should be." *Puckett*, 556 U.S. at 135 (internal quotation marks and citation omitted).

When we are considering, under plain error review, a challenge to the sufficiency of the factual basis, we do not limit our review to "those facts admitted by the defendant during the plea colloquy." *United States v. Trejo*, 610 F.3d 308, 313 (5th Cir. 2010). Rather, "we must scour the record to determine if there are sufficient facts to" uphold the conviction. *Id.* at 314. Included in this review are the plea colloquy, the PSR's factual findings, and "inferences from the evidence presented both post-plea and at the sentencing hearing. . . . The indictment, if specific, is also fair game." *Id.* at 317.

The record as a whole shows that Nevarez was part of a conspiracy to use firearms during and in relation to a drug offense and that, by purchasing a firearm for the conspiracy, he took an affirmative step towards achieving its illegal aim. *See United States v. Brooks*, 681 F.3d 678, 699 (5th Cir. 2012), *cert. denied*, 133 S. Ct. 839 (2013); 18 U.S.C. § 924(o). Accordingly, the district court did not plainly err by finding that there was a sufficient factual basis for his § 924(o) conviction. *See Puckett*, 556 U.S. at 135.

Next, Nevarez argues that the district court erred by imposing a sentencing adjustment under U.S.S.G. § 2D1.1(b)(1) for possession of a dangerous weapon during the offense. Our review of the record shows that a

coconspirator possessed a weapon during the conspiracy and that the coconspirator's possession was reasonably foreseeable to Nevarez, which suffices to uphold the challenged adjustment. *See United States v. Zapata-Lara*, 615 F.3d 388, 390 (5th Cir. 2010).

AFFIRMED.