# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 12, 2012

Lyle W. Cayce
Clerk

No. 10-20554
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee

v.

RICHARD RODRIGUEZ GONZALES,

Defendant–Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CR-533-1

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Richard Rodriguez Gonzales appeals his conviction and sentence for possession with the intent to distribute 1000 kilograms or more of marijuana and possession of a firearm by a convicted felon. He contends that the district court erred in denying his motion to suppress because the officers performed an inspection without a warrant and he did not voluntarily consent. He further contends that the inspection was merely a pretext to locate drugs. Gonzales also challenges the application of a two-level enhancement under U.S.S.G.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 2D1.1(b)(1) for possession of a firearm in connection with the drug offense. He argues that the enhancement should not apply because the firearms were found in a locked safe in an upstairs room of the house while the marijuana was discovered in the garage.

We review the district court's finding that the consent was voluntary for clear error. *See United States v. Solis*, 299 F.3d 420, 436 (5th Cir. 2002). The voluntariness inquiry is based on a totality of circumstances and six relevant factors are considered. *United States v. Jenkins*, 46 F.3d 447, 451 (5th Cir. 1995). It is objective facts, not the officer's subjective intent, that govern the Fourth Amendment analysis. *United States v. Causey*, 834 F.2d 1179, 1184 (5th Cir. 1987) (en banc).

The district court necessarily found Officer Eagan and Officer Enlow's testimonies to be credible, and this credibility determination is entitled to deference. *See United States v. Gibbs*, 421 F.3d 352, 357 (5th Cir. 2005). The record showed that Gonzales was not detained during the inspection. He approached the officers. There was no evidence of coercive tactics, and Gonzales was cooperative throughout the inspection. Officer Eagan asked whether he could conduct an inspection. Gonzales agreed to accompany Officer Eagan on the inspection. Additionally, the evidence showed that Gonzales understood that he was providing consent to an inspection of his property. The balance of the relevant factors support the district court's determination that Gonzales's consent was voluntary. *See Solis*, 299 F.3d at 436. Thus, the district court did not clearly err in denying the motion to suppress based on a finding that Gonzales voluntarily consented to an inspection of his property. *See id.*

Our review of the record does not show that a connection between the firearms found in the locked safe in an upstairs bedroom and Gonzales's drug-related offense was "clearly improbable." *See* U.S.S.G. § 2D1.1, comment. (n.3). To the contrary, this review shows "that a temporal and spatial relation existed between the weapon, the drug trafficking activity, and the defendant." *See*

No. 10-20554

*United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764-65 (5th Cir. 2008). Gonzales provided the officers with the key to a safe that contained three firearms, over $100,000 in cash, powder cocaine, more than 100 rounds of ammunition, and a journal. The safe was located in the bedroom of the house adjacent to the garage containing more than 1000 pounds of marijuana. Consequently, the district court did not clearly err by imposing the disputed adjustment. *See id.* at 765.

Accordingly, the judgment of the district court is AFFIRMED.