**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 28, 2013

No. 12-11193
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CARY DOUGLAS CRAGER,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:12-CR-139-1

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Cary Douglas Crager pleaded guilty to possession with intent to distribute methamphetamine, and the district court sentenced him to 146 months imprisonment. Crager appeals his sentence and contends that the district court erred when it applied a two-level enhancement under U.S.S.G. § 2D1.1(b)(1).

We review the district court's determination that § 2D1.1(b)(1) applies for clear error. *See United States v. Rodriguez*, 62 F.3d 723, 724 (5th Cir. 1995)

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

("The district court's decision to apply § 2D1.1(b)(1) is essentially a factual determination reviewable under the clearly erroneous standard.").[1]

Section 2D1.1(b)(1) applies when a defendant possesses a dangerous weapon in connection with his offense. The government must prove that the defendant possessed the weapon by a preponderance of the evidence, and it may meet this burden by demonstrating a "temporal and spatial relationship of the weapon, the drug trafficking activity, and the defendant." *Zapata-Lara*, 615 F.3d at 390; *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764–65 (5th Cir. 2008). The two-level enhancement "should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1 cmt. n.3.

The presentence report ("PSR") reflected the following pertinent facts: (1) in November 2011, Crager stored one-half pound of methamphetamine, two assault rifles, and two handguns in the bed of his truck, PSR ¶ 12, (2) police searched his truck and found firearm magazines, a loaded pistol, and additional firearms, PSR ¶ 14, (3) police searched his residence and found fourteen firearms in a safe in his bedroom, PSR ¶ 15, and (4) police found, among other things, plastic baggies, firearm ammunition, a ballistic vest, and three bags of methamphetamine in the same bedroom as the fourteen guns. PSR ¶ 16.

On appeal Crager does not dispute that he possessed these weapons. Instead, he argues that is "improbable that the guns were connected to the drugs" because the guns in his residence were inside a locked safe. Crager's signed "factual resume," however, stipulates that he possessed the methamphetamine found in his residence "with the intent to distribute it to others." Because Crager stored the drugs in his residence, it is not "clearly

---

[1] While "we examine de novo the district court's purely legal application of the sentencing guidelines," *United States v. Zapata-Lara*, 615 F.3d 388, 390 (5th Cir. 2010), Crager's argument on appeal "concern[s] the specifics of the [district court's] fact finding." *Id.* Accordingly, we review the district court's fact finding for clear error. *United States v. Eastland*, 989 F.3d 760, 769 (5th Cir. 1993).

improbable" that the weapons discovered in the same bedroom were connected to this offense. *See Eastland*, 989 F.2d at 770 (affirming application of the enhancement when law enforcement found guns in defendant's residence and defendant "dealt from his residence"). Further, that Crager's guns were locked in a safe does not make clearly improbable that the weapons were connected to his offense. *See United States v. Castillo*, 77 F.3d 1480, 1498–99 (5th Cir. 1996) (affirming district court's application of the enhancement when "law enforcement officials discovered in Michael Csatillo's home not only the gun, but also eighteen pounds of marihuana"); *see also United States v. Gonzales*, 458 F. App'x 381, 382 (5th Cir.) (per curiam) (affirming application of the enhancement when "connection between the firearms found in the locked safe in an upstairs bedroom and Gonzales's drug-related offense" was not "clearly improbable"), *cert. denied*, 132 S. Ct. 2418 (2012).[2] Finally, the district court did not believe Crager's testimony at sentencing that he possessed the weapons for legitimate purposes, and this court "will not disturb a district court's credibility determination made at sentencing." *United States v. Goncalves*, 613 F.3d 601, 609 (5th Cir. 2010).

In view of this evidence, the district court did not clearly err. It is not "clearly improbable" that Crager's firearms were connected to his offense. *Eastland*, 989 F.2d at 770.

Accordingly, the judgment of the district court is AFFIRMED.

---

[2] Moreover, the PSR reflects that in November 2011 Crager stored multiple guns and one-half pound of methamphetamine in the bed of his truck. PSR ¶ 12. "[A]n offense level may be adjusted under § 2D1.1(b)(1) if [the defendant] possessed a gun during the course of related relevant conduct." *United States v. Vaquero*, 997 F.2d 78, 85 (5th Cir. 1993). Crager's storage of guns and drugs in his car was relevant and related to his offense of conviction. *Id.*