# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 13, 2010

Lyle W. Cayce
Clerk

No. 09-40627

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HECTOR M. ZAPATA-LARA,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas

Before DAVIS, SMITH, and HAYNES, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Hector Zapata-Lara appeals the application of a sentence enhancement for possession of a dangerous weapon. Because the district court failed to find either that Zapata-Lara possessed the weapon or that a co-conspirator possessed the weapon and that that possession was foreseeable to Zapata-Lara, we vacate the sentence and remand for resentencing.

I.

Zapata-Lara pleaded guilty to conspiring to possess with the intent to distribute cocaine under 21 U.S.C. §§ 841 and 846 for his role as the broker in a drug deal between Victor Molano and Jesus Cavazos. The factual basis of the guilty plea provided that Zapata-Lara arranged for Molano and a confidential informant to obtain cocaine from a truck at Cavazos's mother's house.[1] The presentence report ("PSR") reflects that Zapata-Lara met at this location with the buyer and seller during their inspection of the cocaine and the negotiations for the sale of the drugs. Law enforcement officers arrived and discovered over five kilograms of cocaine under the hood of the truck, which was parked in the driveway of the residence and registered to a Juan Carlos Cazares. A subsequent search[2] revealed a loaded handgun about fifteen feet from the drug transaction inside a small refrigerator in the garage.

The PSR recommended, in relevant part, a two-level sentence enhancement for possession of a dangerous weapon, pursuant to U.S.S.G. § 2D1.1(b)(1). The court adopted the PSR, reasoning that "[a] gun is a well-accepted, well-known tool of the trade" and that "[i]t's been clearly established by precedent that . . . at an event such as this involving the conveyance of five-and-a-half-kilos of cocaine . . . a gun would be present."

II.

Zapata-Lara challenges the enhancement because the government failed to establish either that he was personally responsible for the gun or that possession of it was reasonably foreseeable to him, especially in light of his limited role in the offense. "Because the decision to apply § 2D1.1(b)(1) is a factual one, we

---

[1] The record indicates that Cavazos resided at the house.

[2] It is not evident, from the record, just when the subsequent search occurred. That is to say, nothing indicates whether it was akin to a second sweep of the area during the initial search or was a separate search that took place at another time.

review only for clear error." *United States v. Eastland*, 989 F.2d 760, 769 (5th Cir. 1993); *see also United States v. Castillo*, 77 F.3d 1480, 1498 (5th Cir. 1996) (same). Nonetheless, "we examine de novo the district court's purely legal application of the sentencing guidelines." *United States v. Hooten*, 942 F.2d 878, 881 (5th Cir. 1991). Zapata-Lara's argument does not concern the specifics of the factfinding, but, rather, whether the facts found are legally sufficient to support the enhancement. Our review, then, is *de novo*.

Before a sentencing court can apply § 2D1.1(b)(1), the government must prove weapon possession by a preponderance of the evidence. *Id.* It can do that in two ways. *Id.* at 882. First, it can prove that the defendant personally possessed the weapon, by showing a temporal and spatial relationship of the weapon, the drug trafficking activity, and the defendant. *Id.* To make that showing, the government must provide evidence that the weapon was found in the same location where drugs or drug paraphernalia are stored or where part of the transaction occurred. *Id.*

"Alternatively, when another individual involved in the commission of an offense possessed the weapon, the government must show that the defendant could have reasonably foreseen that possession." *Id.* The guidelines hold a defendant responsible for all reasonably foreseeable acts of the conspiracy. U.S.S.G. § 1B1.3(a)(1)(B). Thus, a sentencing court may often "infer foreseeability" from a coconspirator's knowing possession of a weapon. *Id.* (citing *United States v. Aguilera-Zapata*, 901 F.2d 1209, 1215-16 (5th Cir. 1990)).

In *Hooten*, 942 F.2d at 881-82, the district court applied § 2D1.1(b)(1) where a handgun was found on the back porch of a residence near a shed in which amphetamine was being manufactured. At sentencing, the defendant claimed no knowledge that the handgun existed or that a gun was involved in the offense. *Id.* at 881. Noting that the district court had failed to make a finding regarding the defendant's objection, we remanded and instructed the court to make an explicit finding as to whether the defendant personally possessed the

pistol, or, if a coconspirator possessed it, whether the defendant reasonably could have foreseen that possession. *Id.* at 881-82.

In *Aguilera-Zapata*, we addressed the application of § 2D1.1(b)(1) in light of the relevant-conduct provision of § 1B1.3(a)(1). We held that because firearms are "tools of the trade of those engaged in illegal drug activities," a district court "may ordinarily infer that a defendant should have foreseen a co-defendant's possession of a dangerous weapon, such as a firearm, if the government demonstrates that another participant knowingly possessed the weapon while he and the defendant committed the offense by jointly engaging in concerted criminal activity involving a quantity of narcotics sufficient to support an inference of an intent to distribute." *Aguilera-Zapata*, 901 F.2d at 1215.

Here, the district court determined that the enhancement was applicable because of the presence of a handgun. The court's comments suggest a finding of foreseeability based on *Aguilera-Zapata,* but the court never connected the handgun to any particular co-participant. It is prerequisite that a coconspirator knowingly possessed the weapon; only then can the court determine whether there existed the required link between the non-possessing defendant and the weapon by finding that the co-participant's possession was foreseeable to the defendant. Thus, because nothing in the record explicitly links the weapon to any of Zapata-Lara's coconspirators, he cannot be held derivatively responsible for it.[3]

Furthermore, there appears to be nothing in the record to support the enhancement on the basis that Zapata-Lara personally possessed the weapon. The PSR does not contain sufficient facts establishing a temporal and spatial relationship of the gun, the drug trafficking activity, and Zapata-Lara. As to the

---

[3] We have no occasion to determine whether any such possession would have been foreseeable to Zapata-Lara, in light of his limited role in the transaction. *See, e.g.*, *United States v. Ramos*, 71 F.3d 1150, 1158 (5th Cir. 1995). That determination, if applicable, is left to the district court on remand.

spatial relationship, the gun was fifteen feet from Zapata-Lara and the drugs, inside an appliance in another structure, and the activity took place on someone else's property. That situation is hardly a textbook case of possessing a dangerous weapon during the commission of a drug-trafficking offense.[4]

But even assuming that the PSR does adequately support a spatial connection between the handgun and the offense, the PSR indicates that the handgun was not discovered until a "subsequent search" of the premises was conducted. It is thus uncertain whether there was the necessary temporal connection between the handgun and the offense.[5] At any rate, our present concern is more limited. We cannot be sure what rationale the court had in mind to support the enhancement, based on its limited statement.

## III.

We VACATE the sentence and REMAND for resentencing. If, on remand, the district court determines that the weapon enhancement is applicable, it should make the appropriate findings and state plainly the basis for its decision. *Cf. Hooten*, 942 F.2d at 881. We express no view on what sentence the court should impose on remand.

---

[4] *Cf. Castillo*, 77 F.3d at 1498 (gun found in defendant's house where drugs were stored); *United States v. Mitchell*, 31 F.3d 271, 277 (5th Cir. 1994) (gun found in defendant's bedroom); U.S.S.G. § 2D1.1, cmt. 3 (deciding that unloaded hunting rifle in closet does not support enhancement).

[5] We reject the government's argument that Zapata-Lara has not shown that it was plainly improbable that the handgun was connected to the offense. The defendant has that burden only after the government has met its initial burden of proving a connection between the handgun and the drug-trafficking activity. *See United States v. Cooper*, 274 F.3d 230, 245-46 & n.8 (5th Cir. 2001); *see also* U.S.S.G. § 2D1.1 cmt. 3 (discussing burden-shifting with regard to the dangerous-weapon enhancement).