# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 16, 2011

Lyle W. Cayce
Clerk

No. 10-10435
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN GLORIA CRUZ,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:09-CR-115-7

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Juan Gloria Cruz pleaded guilty without the benefit of a plea agreement to one count of conspiring to distribute and possess with intent to distribute more than 500 grams of methamphetamine and received a sentence of 235 months in prison, at the bottom of the guidelines range found applicable by the district court. On appeal, Cruz contends that the district court erred in the guidelines calculations. He asserts that the district court erred in imposing a two-level enhancement under U.S.S.G. § 2D1.1(b)(1) based on two firearms that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

were found in the vehicle at the time of Cruz's arrest. Cruz maintains that he should not be held responsible because he had no knowledge that the weapons were present. The district court discredited the testimony presented by Cruz's supporting witness and concluded that Cruz either knew or should have known that the firearms were present in a vehicle used for a drug transaction. Contrary to Cruz's assertions, the presentence report included evidence showing that it was not "clearly improbable" that the weapon was connected with the drug offense. § 2D1.1, comment. (n.3); *United States v. Mitchell*, 31 F.3d 271, 277 (5th Cir. 1994). The district court did not clearly err in imposing the firearms enhancement. *See United States v. Zapata-Lara*, 615 F.3d 388, 390 (5th Cir. 2010).

The district court also denied Cruz a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1, after determining that Cruz had frivolously denied his involvement with the firearms enhancement. Cruz challenges this determination, asserting that he did not deny or minimize his involvement in the underlying offense and that the court should not penalize him for filing objections or for unspecified and unknown factors. The district court was entitled to consider the credibility of Cruz's witness and to reject his testimony about Cruz's knowledge of the firearm. *See United States v. Sotelo*, 97 F.3d 782, 799 (5th Cir. 1996). In light of the court's determination that Cruz had falsely denied relevant conduct, the denial of the reduction was not without foundation. § 3E1.1, comment. (n.1(A)); *United States v. Juarez-Duarte*, 513 f.3d 204, 211 (5th Cir. 2008). Consequently, the judgment of the district court is AFFIRMED.