**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 16, 2011

Lyle W. Cayce
Clerk

No. 10-10433
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BRIAN EUGENE PERRYMAN,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:09-CR-115-9

Before WIENER, PRADO and OWEN, Circuit Judges.

PER CURIAM:*

In exchange for the Government's agreement to drop other charges against him, Brian Eugene Perryman pleaded guilty to two counts of aiding and abetting the investment of illicit drug profits in violation of 21 U.S.C. § 854 and 18 U.S.C. § 2 and was sentenced to a 97-month term of imprisonment. Perryman argues that the sentencing court plainly erred by imposing a dangerous weapon sentence enhancement pursuant to U.S.S.G. § 2D1.1(b)(1).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-10433

Perryman was a member of a methamphetamine-trafficking organization run by his uncle, Thomas L. Gerry.  The Presentence Report (PSR) recommended the challenged sentence enhancement based on its report that Perryman received methamphetamine and drug proceeds directly from Gerry and other members of the organization who were known to possess firearms in the course of their drug trafficking activities.   Perryman did not object to the recommendation or offer any evidence or argument that it was not reasonably foreseeable to him that his coconspirators possessed and carried firearms.  As the propriety of the § 2D1.1 enhancement is a factual issue that could have been resolved if Perryman had objected in the district court, no plain error can have occurred.  *See United States v. Rodriguez*, 602 F.3d 346, 361-62 (5th Cir. 2010); *United States v. Zapata-Lara*, 615 F.3d 388, 390 (5th Cir. 2010).  Moreover, we note that the record supports the sentencing court's application of the dangerous weapon enhancement.  *See Zapata-Lara*, 615 F.3d at 390; *United States v. Reasor*, 541 F.3d 366, 369 (5th Cir. 2008).

Accordingly, the Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED.   The Government's alternative motion for an extension of time to file a brief is DENIED.