**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 4, 2011

Lyle W. Cayce
Clerk

No. 10-40375
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MOSES LEYVA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:09-CR-971-2

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Moses Leyva pleaded guilty to conspiring to possess more than 500 grams of methamphetamine with intent to distribute; the district court sentenced him to serve 262 months in prison and a five-year term of supervised release. This direct appeal raises several challenges to Leyva's sentence. When analyzing such challenges, *Gall v. United States*, 552 U.S. 38, 51 (2007), instructs us to determine whether the sentence imposed is procedurally sound, including whether the calculation of the advisory guidelines range is correct. We review

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-40375

the district court's interpretation and application of the Sentencing Guidelines de novo and its findings of fact for clear error. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Under Leyva's view, the district court clearly erred by concluding that he was a leader or organizer of the offense and by imposing a corresponding two-level adjustment. The record includes evidence indicating that, at a minimum, Leyva had supervisory authority over at least one other individual involved in the conspiracy. The imposition of the disputed adjustment is plausible in light of the entire record and thus is not clearly erroneous. *See Cisneros-Gutierrez*, 517 F.3d at 764; *United States v. Rose*, 449 F.3d 627, 633 (5th Cir. 2006).

Leyva challenges the district court's imposition of a firearms adjustment. Similar to his argument concerning the leadership adjustment, this argument fails because it is refuted by the record, which shows that another member of the conspiracy, with whom Leyva lived, knowingly possessed weapons in connection with drug-related activity. *United States v. Zapata-Lara*, 615 F.3d 388, 390 (5th Cir. 2010); *United States v. Aguilera-Zapata*, 901 F.2d 1209, 1215 (5th Cir. 1990). Accordingly, the district court did not clearly err by concluding that Leyva's coconspirators used firearms during the conspiracy and that these actions were reasonably foreseeable to Leyva. *See Zapata-Lara*, 615 F.3d at 390.

Next, Leyva claims that the district court erred by concluding that he should be held responsible for more than 15 kilograms of methamphetamine. This argument is unavailing because various portions of the record, when considered together, show that the district court's determination that the offense involved at least 15 kilograms of methamphetamine is plausible and thus not clearly erroneous. *See Cisneros-Gutierrez*, 517 F.3d at 764.

The judgment of the district court is AFFIRMED.