**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 22, 2011

Lyle W. Cayce
Clerk

No. 10-10898
Summary Calendar

UNITED STATES OF AMERICA,

                    Plaintiff-Appellee

v.

TIFFIN ANTHONY NAVEJAR,

                    Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:10-CR-50-3

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Tiffin Anthony Navejar appeals his guilty plea conviction and sentence for conspiracy to possess with intent to distribute methamphetamine. We affirm.

Navejar argues for the first time on appeal that his guilty plea was not supported by a sufficient factual basis because the factual resume did not establish his voluntary participation in the conspiracy. We review this claim for plain error only. *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). Our review of the rearraignment transcript, as well as the presentence report,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reveals that Navejar's voluntary participation in the conspiracy was supported by the record. *See United States v. Trejo*, 610 F.3d 308, 313 (5th Cir. 2010). Moreover, Navejar has made no showing that but for the alleged Federal Rule of Criminal Procedure 11(b)(3) error, he would not have entered the guilty plea. *See United States v. Castro-Trevino*, 464 F.3d 536, 541 (5th Cir. 2006). Absent a showing of error and prejudice, this issue is meritless.

Navejar additionally argues that the district court committed a procedural error when it applied a two-level U.S.S.G. § 2D1.1(b)(1) enhancement for possessing a dangerous weapon in connection with a drug trafficking crime. We review this factual finding by the district court for clear error. *United States v. Ruiz*, 621 F.3d 390, 396 (5th Cir. 2010). The unrebutted facts contained in the presentence report show that Navejar could reasonably have foreseen the possession of the firearm by his coconspirators at the apartment used to manufacture and sell copious amounts of methamphetamine. *See United States v. Zapata-Lara*, 615 F.3d 388, 390 (5th Cir. 2010). As Navejar is held responsible for all reasonably foreseeable acts of the conspiracy, *id.*, the district court's application of the enhancement is upheld.

AFFIRMED.