# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-40432
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 6, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

> Plaintiff - Appellee

v.

SERAPIO CASTRO,

> Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:12-CR-191-13

Before JONES, BARKSDALE, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Serapio Castro challenges his within-Guidelines, 151-month sentence, imposed following his guilty-plea conviction for conspiracy to possess, with intent to distribute, more than 1,000 kilograms of marijuana, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). In claiming his sentence is unreasonable, he challenges only the district court's assessment of a two-point

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentencing enhancement for possession of a weapon (an AK-47 assault rifle). *See* U.S.S.G. § 2D1.1(b)(1).

Castro contends:  no physical evidence linked him to the firearm found; he cannot be held responsible for a weapon about which he had no knowledge; the stash house at which the firearm was discovered (Hargill house) was not in his control; the Hargill house was outside the scope of his involvement in the conspiracy; and, therefore, the firearm found there was not reasonably foreseeable to him.  He also contends the district court erroneously placed the burden on him to show the weapon was not foreseeable, rather than on the Government to prove foreseeability.

Sentencing Guideline § 2D1.1(b)(1) provides a two-level enhancement of defendant's offense level "[i]f a dangerous weapon (including a firearm) was possessed".  U.S.S.G. § 2D1.1(b)(1).  Commentary to § 2D1.1 instructs:  "The enhancement should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense".  U.S.S.G. § 2D1.1 cmt. n.11(A).  This enhancement applies where defendant personally possessed the weapon or where a co-conspirator possessed the weapon during the conspiracy and that possession was reasonably foreseeable to defendant.  *See United States v. Zapata-Lara*, 615 F.3d 388, 390 (5th Cir. 2010).

Although post-*Booker*, the Sentencing Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the Guideline-sentencing range for use in deciding on the sentence to impose. *Gall v. United States,* 552 U.S. 38, 51 (2007).  In that respect, for issues preserved in district court, as in this instance, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008);

No. 13-40432

*United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005). Whether possession of firearms by co-conspirators is reasonably foreseeable is a factual finding. *See United States v. Hernandez*, 457 F.3d 416, 423 (5th Cir. 2006).

The Government must prove the applicability of the enhancement by a preponderance of the evidence. *United States v. Aguilera-Zapata*, 901 F.2d 1209, 1215 (5th Cir. 1990). "If the Government meets that burden, the burden shifts to the defendant to show that it was clearly improbable that the weapon was connected with the offense." *United States v. Ruiz*, 621 F.3d 390, 396 (5th Cir. 2010) (citation omitted); *see also* U.S.S.G. § 2D1.1 cmt. n.11(A).

"[F]irearms are 'tools of the trade of those engaged in illegal drug activities'". *Zapata-Lara*, 615 F.3d at 390 (quoting *Aguilera-Zapata*, 901 F.2d at 1215). As such, courts may infer defendant should have foreseen a co-conspirator's firearm possession. *Id.* Additionally, a large "amount of drugs . . . and their [high] street value increase the likelihood—and thus foreseeability—that those involved in the conspiracy will have dangerous weapons". *Cisneros-Gutierrez*, 517 F.3d at 766.

Castro fails to demonstrate the district court clearly erred in finding the enhancement applied. *See, e.g.*, *id.* at 764–65. For starters, Castro played a significant role in an extensive drug conspiracy. The drugs originating in Mexico were moved initially to the Hargill house, where they were bundled for distribution, and then moved to the nearby FM 2812 house, controlled by Castro, where the drugs were concealed in cover loads of produce at the direction of Castro and others. The extensiveness of the conspiracy, the large volume (and necessarily high street value) of the drugs involved, as well as the connection between the Hargill and FM 2812 houses, establishes the requisite foreseeability. *See* U.S.S.G. § 2D1.1 cmt. n.11(A); § 1B1.3(a)(1)(B); *see also* *Cisneros-Gutierrez*, 517 F.3d at 765–66.

Moreover, Castro has not demonstrated it was "clearly improbable" that the AK-47 assault rifle found at the Hargill house was involved in the conspiracy.   U.S.S.G. § 2D1.1 cmt. n.11(A).   His claim that any offense committed at the Hargill house was outside the scope of his involvement is not supported by evidence.   *See, e.g.*, *Ruiz*, 621 F.3d at 396.   (The Supreme Court's just-rendered decision in *Rosemond v. United States* concerned conviction under 18 U.S.C. § 2 for aiding and abetting a violation of 18 U.S.C. § 924(c) and is not applicable to this appeal from the sentencing for a guilty-plea conspiracy conviction.   No. 12-895, 572 U.S. __, slip op. at *1–2, *11 n.7, *16 n.10 (2014) (stating "holding is grounded in the distinctive intent standard for aiding and abetting" and expressing no view on whether "a § 924(c) violation is a natural and probable consequence of simple drug trafficking")).

AFFIRMED.