# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-40994
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 9, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALEXIS ESTEVEZ,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 7:03-918-1
USDC No. 7:03-588-1

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Alexis Estevez was convicted by a jury of possession with intent to distribute approximately 671 kilograms of marijuana and for failing to appear to stand trial on that charge. The district court sentenced Estevez to 110 months in prison on the marijuana count and 20 months in prison on the failure-to-appear count, with the two sentences to run consecutively for a total

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of 130 months in prison.  On appeal, Estevez raises no issues concerning the conviction or sentence for failure to appear.

Estevez filed a motion to replace appointed counsel after all briefing was complete.  Appointed counsel may be relieved "upon a showing that there is a conflict of interest or other most pressing circumstances or that the interests of justice otherwise require relief of counsel."  5th Cir. Plan Under the Crim. Justice Act, § 5(B); *see also* 18 U.S.C. § 3006A(c).  Estevez has alleged nothing that rises to this level.  Estevez's motion to relieve appointed counsel and appoint new counsel is DENIED.

Estevez argues that the district court erred by denying his motions for acquittal because no rational juror could have found him guilty beyond a reasonable doubt of possession with intent to distribute marijuana.  "When reviewing the sufficiency of the evidence, we consider whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *United States v. Vargas-Ocampo*, 747 F.3d 299, 301 (5th Cir.) (en banc) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)), *cert. denied,* 2014 WL 2919463 (Oct. 6, 2014) (No. 13-10737).  The essential elements of the offense of possession with intent to distribute a controlled substance are "(1) knowledge, (2) possession, and (3) intent to distribute the controlled substance."  *United States v. Patino-Prado*, 533 F.3d 304, 309 (5th Cir. 2008).  He does not challenge the amount of marijuana found or that such a large amount would allow a finding of intent to distribute.  *See United States v. Williamson*, 533 F.3d 269, 278-79 (5th Cir. 2008).  Rather, he argues that, even though the marijuana was found in the shed, there was no evidence to show that he knew or was part of any marijuana trafficking activity.

Possession can be established as actual or constructive.  "Constructive possession may be found if the defendant had (1) ownership, dominion, or

control over the item itself or (2) dominion or control over the premises in which the item is found." *United States v. Meza*, 701 F.3d 411, 419 (5th Cir. 2012) (internal quotation marks omitted).   There is evidence that Estevez had dominion over and access to the shed where the marijuana was found and its contents.   There is evidence that showed that the bundles containing the marijuana were visible and gave off a strong odor of marijuana.   The is also evidence that Estevez was visibly nervous during the search and stated falsely that he had lost his keys when they were found in the lock on the shed.   *See United States v. Jones*, 185 F.3d 459, 464 (5th Cir. 1999).   This is sufficient to allow a jury to find that Estevez possessed the marijuana with the intent to distribute it.

Turning to Estevez's sentence, we review a district court's interpretation or application of the Guidelines de novo and its factual findings for clear error. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).   Estevez argues that the district court erred when it applied the two-level weapons enhancement pursuant to U.S.S.G. § 2D1.1(b)(1).   To support the enhancement, the Government must show that the weapon was found in the same location where drugs or drug paraphernalia are stored or where part of the transaction occurred. *United States v. Zapata-Lara*, 615 F.3d 388, 390 (5th Cir. 2010).   If the showing is made, "the burden shifts to the defendant to show that it was clearly improbable that the weapon was connected with the offense." *United States v. Ruiz*, 621 F.3d 390, 396 (5th Cir. 2010).

The district court found that the weapons were found at the home where the marijuana was stored, that the loaded weapons were tools of the drug trade, and that the weapons were associated with the drug trafficking activity. Neither in the district court nor on appeal has Estevez produced any evidence or argument showing that it was clearly improbable that the weapons were

connected with the offense.  The district court did not err in applying the § 2D1.1(b)(1) enhancement.  *See Zapata-Lara*, 615 F.3d at 390.

AFFIRMED.