# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40247
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 31, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

LEONCIO DE LA PAZ-BRITO,

Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:12-CR-244-1

Before SMITH, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Leoncio De La Paz-Brito challenges: the sufficiency of the evidence supporting his conviction for conspiring to possess, with intent to distribute, methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) (criminalizing the manufacture and sale of, *inter alia*, methamphetamine) and 846 (conspiracy provision); and the imposition of a two-level enhancement, pursuant to

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 14-40247

Sentencing Guideline § 2D1.1(b)(1), for possessing a firearm in connection with the underlying offense.

For properly preserved sufficiency-of-the-evidence claims, as in this instance, the evidence is viewed "in the light most favorable to the jury verdict", and we "must affirm if a rational trier of fact could have found that the evidence established the essential elements of the offense beyond a reasonable doubt". *E.g., United States v. Winkler*, 639 F.3d 692, 696 (5th Cir. 2011) (citation omitted). "All credibility determinations and reasonable inferences from the evidence are to be resolved in favor of the jury verdict." *Id.* (citation omitted).

"To prove conspiracy to possess and distribute a controlled substance, the government must show beyond a reasonable doubt (1) the existence of an agreement between two or more persons to violate narcotics laws; (2) the defendant's knowledge of the agreement; and (3) his voluntary participation in the conspiracy." *United States v. Valdez*, 453 F.3d 252, 256–57 (5th Cir. 2006). Uncorroborated testimony of a convicted co-conspirator is sufficient to support a conspiracy conviction unless the testimony is incredible as a matter of law. *Id.* at 257. De La Paz has not shown the evidence at his trial, which includes, *inter alia*, testimony from his co-conspirators and law-enforcement officers strongly establishing his participation in the conspiracy at issue, is insufficient to support his conviction. *See, e.g., Winkler*, 639 F.3d at 696; *Valdez*, 453 F.3d at 256–57.

Although post-*Booker*, the Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the advisory Guidelines-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 51 (2007). In that

2

No. 14-40247

respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g., United States v. Zapata-Lara*, 615 F.3d 388, 390 (5th Cir. 2010).

To support a § 2D1.1(b)(1) enhancement, the Government is required to establish by a preponderance of the evidence a "temporal and spatial relationship [between] the weapon, the drug trafficking activity, and the defendant". *Id.* If the Government makes the required showing, the burden shifts to the defendant "to show that it was clearly improbable that the weapon was connected with the offense". *United States v. Ruiz*, 621 F.3d 390, 396 (5th Cir. 2010) (citation omitted); *see* U.S.S.G. § 2D1.1, cmt. n.11(A).

The Government provided evidence that the firearm at issue was found inside the apartment where De La Paz was conducting drug-trafficking activity and was readily accessible. De La Paz fails to show the court erred by imposing the § 2D1.1(b)(1) enhancement or clearly erred in its factual findings. *E.g., Zapata-Lara*, 615 F.3d at 390.

AFFIRMED.