# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-41294
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 9, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARIANO RODRIGUEZ-GUERRERO,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:13-CR-17-3

Before JOLLY, BENAVIDES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Mariano Rodriguez-Guerrero (Rodriguez) appeals his sentence of 57 months of imprisonment imposed following his guilty plea to conspiracy to possess with intent to distribute 100 kilograms or more of marijuana. He argues that the district court committed reversible error in imposing a two-level weapon enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) because the Government did not prove that he had personal possession of the weapon or

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that it was reasonably foreseeable to him that another person involved in the offense had possession of the weapon.

This court reviews de novo the district court's legal application of § 2D1.1(b)(1). *United States v. Zapata-Lara*, 615 F.3d 388, 390 (5th Cir. 2010). This court reviews the district court's factual findings for clear error. *United States v. King*, 773 F.3d 48, 52 (5th Cir. 2014), *cert. denied*, 135 S. Ct. 1865 (2015).

The evidence in the presentence report reflected that Rodriguez and a codefendant were apprehended after leaving a residence in a van carrying 464.78 kilograms of marijuana. A search of the residence led to the discovery of a loaded firearm, ammunition, and two bundles of marijuana in the master bedroom and bathroom. While recognizing that Rodriguez had not been in actual or constructive possession of the weapon, the district court determined that there was a relationship between the weapon and the drug-trafficking offense and that the weapon's presence was reasonably foreseeable to Rodriguez.

In rejecting the same argument made in the appeal of Rodriguez's codefendant, this court found that the district court's detailed factual findings were sufficient to plausibly establish a temporal and spatial relationship between the weapon, the drug-trafficking activity, and the coconspirators. *See United States v. Adrian Rodriguez-Guerrero*, 805 F.3d 192, 196 (5th Cir. 2015). The court further determined that the evidence made it plausible for the district court to find that the weapon's purpose was to facilitate the drug trafficking and that the fact that the weapon could not be attributed to a specific drug trafficker did not decrease the danger of violence arising from its presence. *Id.*

No. 14-41294

Based on the reasoning in *Rodriguez-Guerreo*, we reject Rodriguez's argument that the district court committed reversible error in imposing the two-level enhancement based on possession of the weapon in connection with the drug-trafficking activity. *See Rodriguez-Guerrero*, 805 F.3d at 196. The sentence is AFFIRMED.