# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-11468
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 2, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARIO ULISES HERRERA,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-107-2

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:[*]

Mario Ulises Herrera appeals his below-guideline sentence for his guilty-plea conviction of conspiracy to possess with intent to distribute methamphetamine. He challenges the district court's application of a sentencing enhancement under U.S.S.G. § 2D1.1(b)(1) for possession of a firearm. Herrera argues that he could not reasonably foresee that a co-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conspirator possessed firearms and that there was no spatial and temporal relationship between himself and the firearms.

This court reviews de novo the district court's legal application of § 2D1.1(b)(1). *United States v. Zapata-Lara*, 615 F.3d 388, 390 (5th Cir. 2010). This court reviews the district court's factual findings for clear error. *United States v. King*, 773 F.3d 48, 52 (5th Cir. 2014). Section 2D1.1 provides for a two-level enhancement of a defendant's offense level "[i]f a dangerous weapon (including a firearm) was possessed." § 2D1.1(b)(1). "The enhancement should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." § 2D1.1(b)(1), comment. (n.11(A)). "[T]he government must prove weapon possession by a preponderance of the evidence." *Zapata-Lara*, 615 F.3d at 390. If the Government satisfies this burden, then the defendant has the burden of showing that it is clearly improbable that the weapon was connected to the offense. *Id.* at 391 n.5.

Where, as here, "another individual involved in the commission of an offense possessed the weapon, the government must show that the defendant could have reasonably foreseen that possession." *Id.* at 390 (internal quotation marks and citation omitted). A defendant involved in a "jointly undertaken criminal activity" is responsible for "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." U.S.S.G. § 1B1.3(a)(1)(B). Sentencing courts may therefore often infer foreseeability from a co-conspirator's knowing possession of a weapon. *See Zapata-Lara*, 615 F.3d at 390.

Herrera's arguments lack merit. To the extent that he challenges the district court's factual findings underlying the enhancement, the court's findings are supported by the presentence report, of which Herrera has advanced no reason to doubt the reliability. *See United States v. Ollison*, 555

No. 16-11468

F.3d 152, 164 (5th Cir. 2009). The district court did not err in concluding that Herrera reasonably foresaw a co-conspirator's possession of the firearms. Although Herrera contends otherwise, it is immaterial that he was not present when the firearms were discovered and that he was not arrested along with a co-conspirator. *See United States v. Rodriguez-Guerrero*, 805 F.3d 192, 196 (5th Cir. 2015). Herrera's reasonable foreseeability is supported by (1) his level of involvement in an extensive drug conspiracy, (2) his frequent drug transactions at the residence of a co-conspirator, (3) his delivery of drugs with that co-conspirator, and (4) the discovery of the firearms at the residence of that co-conspirator during a time period in which Herrera was engaging in these drug transactions. *See id.*; *see also United States v. Cisneros-Gutierrez*, 517 F.3d 751, 766 (5th Cir. 2008); *United States v. Dixon*, 132 F.3d 192, 202 (5th Cir. 1997).

AFFIRMED.