# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 16-11533
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

August 10, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TERESA SIDON,

Defendant-Appellant

———————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-122-7

———————

Before BENAVIDES, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Teresa Sidon appeals her below-guideline sentence imposed following her guilty-plea conviction of conspiracy to money launder. She challenges the district court's application of a sentencing enhancement under U.S.S.G. § 2D1.1(b)(1) (2015) for possession of a firearm, arguing that the Government failed to prove a spatial and temporal connection between her and the firearms or that she had access to the firearms.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-11533

The district court's determination that the § 2D1.1(b)(1) enhancement applies is a factual finding reviewed for clear error. *United States v. Romans*, 823 F.3d 299, 317 (5th Cir.), *cert. denied*, 137 S. Ct. 195 (2016). An argument that "does not concern the specifics of the factfinding, but, rather, whether the facts found are legally sufficient to support the enhancement," is reviewed de novo. *United States v. Zapata-Lara*, 615 F.3d 388, 390 (5th Cir. 2010).

Section 2D1.1 provides for a two-level enhancement of a defendant's offense level "[i]f a dangerous weapon (including a firearm) was possessed." § 2D1.1(b)(1). "[T]he government must prove weapon possession by a preponderance of the evidence." *Zapata-Lara*, 615 F.3d at 390. If the Government satisfies this burden, then the defendant has the burden of showing that it is clearly improbable that the weapon was connected to the offense. *Id.* at 391 n.5; *see* § 2D1.1(b)(1), comment. (n.11(A)).

Here, the application of the enhancement was not based on Sidon's possession of a firearm. Thus, her arguments regarding the Government's failures to make a temporal and spatial connection and to show that she had access to the firearms are unavailing. *See Zapata-Lara*, 615 F.3d at 390. She does not argue that the Government failed to prove that the possession of firearms by her co-conspirator—for whom she was laundering money and from whom she occasionally obtained methamphetamine to sell—was reasonably foreseeable to her. *See id.*; *see also United States v. Hooten*, 942 F.2d 878, 882 (5th Cir. 1991). The district court did not err in applying the enhancement.

Next, Sidon argues that the application of the firearm enhancement violated her due process rights because the "clearly improbable" phrase in Comment 11 of the Application Notes to § 2D1.1 impermissibly shifted the burden of proof to her by ignoring the Government's obligation to prove the

No. 16-11533

applicability of the sentencing enhancement.  This argument is foreclosed.  *See United States v. Ortiz-Granados*, 12 F.3d 39, 41 (5th Cir. 1994).

The judgment of the district court is AFFIRMED.