# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-11035
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 21, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PEDRO REZA, also known as Pete Resa,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:17-CR-56-1

Before KING, ELROD, and HIGGINSON, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:[*]

Pedro Reza pleaded guilty to conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846, and he was sentenced to 108 months of imprisonment and three years of supervised release. Reza argues that the application of the firearm enhancement under U.S.S.G. § 2D1.1(b)(1) was clearly erroneous because there was insufficient evidence to establish that the firearm possessed by his coconspirator Victor Valdez-Rodriguez was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

possessed in connection with the criminal activity. He asserts that he did not know Valdez-Rodriguez, and he notes that Valdez-Rodriguez stated that he possessed the firearm for personal protection because he was in a bad neighborhood. He contends that his responsibility for the firearm is too attenuated to support the application of the enhancement.

A district court's decision to apply § 2D1.1(b)(1) is a factual one reviewed for clear error. *United States v. Rodriguez-Guerrero*, 805 F.3d 192, 195 (5th Cir. 2015). However, an argument that "does not concern the specifics of the factfinding, but, rather, whether the facts found are legally sufficient to support the enhancement" is reviewed de novo. *United States v. Zapata-Lara*, 615 F.3d 388, 390 (5th Cir. 2010).

Reza, Valdez-Rodriguez, and a third coconspirator, Jose Albarran, met at an automotive shop to deliver cocaine to a confidential source. Valdez-Rodriguez was in physical possession of a loaded firearm in the waistband of his pants at the time Reza, Valdez-Rodriguez, and Albarran together were delivering the cocaine. The district court found that "there was a clear nexus between the gun, the cocaine, and the distribution. Further, Valdez-Rodriguez's possession of a firearm during the drug transaction was reasonably foreseeable to the defendant because guns are common 'tools of the trade' in the distribution of narcotics."

The district court could infer that Reza should have foreseen Valdez-Rodriguez's possession of the firearm based on the evidence that Valdez-Rodriguez knowingly possessed the weapon while he and Reza committed the offense by jointly engaging in concerted criminal activity involving a quantity of cocaine sufficient to support an inference of intent to distribute. *See United States v. Aguilera-Zapata*, 901 F.2d 1209, 1215 (5th Cir. 1990).

No. 17-11035

Reza argues that Valdez-Rodriguez's statement that he possessed the gun for his personal protection means that it could not also be connected to the offense. Valdez-Rodriguez's assertion is insufficient to show that it was clearly improbable that the gun was connected with the instant offense, particularly because the gun was recovered from Valdez-Rodriguez's waistband at the scene of the cocaine transaction. *See* § 2D1.1(b)(1), comment. (n.11(A)). Accordingly, the district court did not abuse its discretion in holding that the firearm was possessed in connection with the offense. *See Rodriguez-Guerrero*, 805 F.3d at 196.

AFFIRMED.