# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-41172
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 11, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE ROMAN,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:16-CR-876-8

Before REAVLEY, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Jose Roman (Roman) appeals his 120-month sentence of imprisonment imposed following his guilty plea to conspiracy to possess with intent to distribute five kilograms or more of cocaine. Roman argues that the district court clearly erred by enhancing his offense level pursuant to U.S.S.G. § 2D1.1(b)(1) based on his coconspirator's alleged possession of firearms in furtherance of the conspiracy. He contends that the district court misapplied

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the Guidelines by making a general presumption that firearms are "tools of the trade" and that it is always foreseeable that they will be used during criminal drug activity.    Additionally, he contends that he rebutted the evidence presented by the Government that overcame the inference of foreseeability and, thus, he showed that it was clearly improbable that the firearms found were connected to the drug offense.

The district court's application of the Guidelines is reviewed de novo, and its fact-finding in support of a sentencing enhancement is reviewed for clear error.  *United States v. Rodriguez*, 630 F.3d 377, 380 (5th Cir. 2011).  The findings will be affirmed if plausible given the record on the whole.  *Id.*  The enhancement applies if a defendant possessed a "dangerous weapon (including a firearm)" during drug offense conduct.  § 2D1.1(b)(1).

The Government has the initial burden to show by a preponderance of the evidence that Roman's coconspirator possessed the firearms to be used in connection with drug trafficking and that Roman could have foreseen that possession and use.  *See United States v. Zapata-Lara*, 615 F.3d 388, 390 (5th Cir. 2010).  The Government made that showing by providing evidence that coconspirator Rodrigo Roman (Rodrigo) possessed weapons and ammunition in his residence where agents discovered $48,000 in currency along with 4.72 kilograms of cocaine found concealed in a vehicle parked on Rodrigo's property.  Based on the Government's investigation, evidence was provided that Roman and Rodrigo were part of a large drug trafficking conspiracy in which they participated by storing and delivering large amounts of cocaine and currency.  The district court's comments at sentencing showed that, in making its determination, it relied on that evidence and not solely on a presumption that the use of firearms in drug trafficking is always foreseeable.

No. 17-41172

Roman was required to provide rebuttal evidence showing that "it was clearly improbable" that the weapons discovered in his coconspirator's house were connected with the drug trafficking activity. *See United States v. Ruiz*, 621 F.3d 390, 396 (5th Cir. 2010) (internal quotation marks and citation omitted). His alleged lack of knowledge of the presence of the firearms was not a factor because the relevant inquiry is whether such possession was reasonably foreseeable to him. *See United States v. Aguilar-Zapata*, 901 F.2d 1209, 1215 (5th Cir. 1990). Additionally, the fact that the firearms were not located in the same specific location as the drugs and currency is not controlling because the dispositive issue is whether the firearms were accessible to protect the drugs and currency. *See United States v. Rodriguez*, 62 F.3d 723, 725 (5th Cir. 1995). Further, the significant amounts of drugs and money involved in the conspiracy increased the likelihood, and therefore the foreseeability, that those involved in the conspiracy will have dangerous weapons. *See United States v. Cisneros-Gutierrez*, 517 F.3d 751, 766 (5th Cir. 2008). Roman failed to provide any rebuttal evidence showing that Rodrigo's possession of the firearms was not related to facilitating the drug-trafficking activities and that such use was not reasonably foreseeable to him. *See Ruiz*, 621 F.3d at 396.

The district court's factual findings were plausible based on the entire record, and, therefore, the findings were not clearly erroneous. *See Rodriguez,* 630 F.3d at 380. The district court did not err in making the two-level enhancement pursuant to § 2D1.1(b)(1); therefore, the judgment of the district court is AFFIRMED.