# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-10694
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 15, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JEREMY LEE CRABTREE,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:17-CR-197-7

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

Jeremy Lee Crabtree appeals the sentence imposed following his conviction for conspiracy to possess with intent to distribute 500 grams or more of methamphetamine. The district court sentenced him within the guidelines range to 235 months of imprisonment.

Review of the district court's interpretation or application of the Guidelines is de novo; review of its factual findings is for clear error. *United*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-10694

*States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).  Findings are not clearly erroneous if they are plausible based on the record as a whole. *United States v. Ochoa-Gomez*, 777 F.3d 278, 282 (5th Cir. 2015).

Crabtree argues that the district court erred in applying the U.S.S.G. § 2D1.1(b)(12) enhancement because there was no evidence that he maintained a premises, specifically a game room, for purposes of drug distribution. Crabtree's assertion that his lack of an ownership or leasehold interest in the game room precluded the enhancement is unavailing.  *See United States v. Guzman-Reyes*, 853 F.3d 260, 264-65 (5th Cir. 2017).  Further, several witnesses testified to Crabtree's role in operating the game room and detailed the numerous drug transactions that occurred there.  Because the district court's factual findings were plausible based on the entire record and, thus, not clearly erroneous, the district court did not err in applying the two-level enhancement under § 2D1.1(b)(12).  *See Ochoa-Gomez*, 777 F.3d at 282.

Additionally, Crabtree argues that the district court erred in applying the § 2D1.1(b)(1) enhancement because there was no evidence that he possessed the firearm or that the firearm was connected to the drug sales that occurred at the game room.  However, the evidence adduced at trial and the information contained in the presentence report established a temporal and spatial relationship among the firearm, the drug trafficking activities at the game room, and Crabtree.  *See United States v. Zapata-Lara*, 615 F.3d 388, 390 (5th Cir. 2010).  Moreover, Crabtree could have reasonably foreseen the possession of the firearm by Kimberly Bankston or other coconspirators employed at the game room. *See id.*  Finally, Crabtree cannot show that it was clearly improbable that the firearm was connected with the offense.  *See United States v. Ruiz*, 621 F.3d 390, 396 (5th Cir. 2010).  Because the district court's factual findings were plausible based on the entire record and, thus, not clearly

No. 18-10694

erroneous, the district court did not err in applying the two-level enhancement under § 2D1.1(b)(1).  *See Ochoa-Gomez*, 777 F.3d at 282.

AFFIRMED.