# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 12, 2020

Lyle W. Cayce
Clerk

No. 20-40145
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JUAN LUIS RIVERA ARREOLA, *also known as* JUAN ARREOLA,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:17-CR-176-5

Before KING, SMITH and WILSON, *Circuit Judges*.

PER CURIAM:*

Juan Luis Rivera Arreola appeals the 360-month sentence imposed following his conviction of conspiracy to possess with intent to manufacture and distribute 500 grams or more of a mixture or substance containing methamphetamine or 50 grams or more methamphetamine (actual). He

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

argues that the district court erred by applying a two-level enhancement for the possession of a dangerous weapon when calculating his guidelines range. He urges this court to abandon its jurisprudence stating that firearms are tools of the illegal narcotics trade and allowing district courts to consider that fact when evaluating whether a coconspirator's possession of a firearm was reasonably foreseeable for purposes of an enhancement under U.S.S.G. § 2D1.1(b)(1).

Rivera Arreola challenges this court's jurisprudence stating that firearms are tools of the trade in illegal narcotics activity. One panel of this court may not overrule another panel's decision without en banc reconsideration or a superseding contrary Supreme Court decision. *United States v. Lipscomb*, 299 F.3d 303, 313 n.34 (5th Cir. 2002). Rivera Arreola presents no superseding en banc decision from this court or contrary Supreme Court decision in support of his argument. Therefore, this court is bound by its prior jurisprudence. *See id.*

A two-level increase in the offense level of a drug-trafficking defendant is warranted if a dangerous weapon was possessed. *See* § 2D1.1(b)(1) & comment. (n.11(A)). Whether to apply § 2D1.1(b)(1) is a factual question reviewed for clear error. *United States v. Zapata-Lara*, 615 F.3d 388, 390 (5th Cir. 2010). "Nonetheless, we examine de novo the district court's purely legal application of the sentencing guidelines." *Id.* (internal quotation marks and citation omitted). Rivera Arreola is contesting both the district court's factual finding that his coconspirator's possession of a firearm was reasonably foreseeable to him and whether the facts found by the district court are legally sufficient to support the enhancement. Consequently, this court reviews the district court's factual finding for clear error and reviews de novo Rivera Arreola's challenge to the application of the dangerous weapon enhancement based on those facts. *See id.*

No. 20-40145

During an investigation into Rivera Arreola's drug activities, he engaged in three multikilogram methamphetamine deals. Two of those deals were with the same buyer, and the third deal, which provided the basis for the dangerous weapon enhancement, was with an unrelated buyer. The record reflects that Rivera Arreola and his couriers on the third deal were jointly involved in the sale of 10 kilograms of methamphetamine. Given the amount of drugs and cash involved in the transaction and the facts that (1) Rivera Arreola and his coconspirators were not familiar with the buyer, (2) Rivera Arreola had lost a substantial amount of drugs and cash in the two prior unrelated deals, and (3) firearms are "tools of the trade" for people involved in illegal narcotics activity, Rivera Arreola should have reasonably foreseen that at least one of his couriers would have a firearm during the drug deal. *United States v. Aguilera-Zapata*, 901 F.2d 1209, 1215 (5th Cir. 1990) (internal quotation marks and citation omitted).

The district court's factual finding that Rivera Arreola should have reasonably foreseen the possession of a firearm by a coconspirator is not clearly erroneous. *See Zapata-Lara*, 615 F.3d at 390; *Aguilera-Zapata*, 901 F.2d at 1215. The district court did not err by determining that the application of the dangerous weapon enhancement was warranted under the facts of the case. *Zapata-Lara*, 615 F.3d at 390; *Aguilera-Zapata*, 901 F.2d at 1215–16. Accordingly, the judgment of the district court is AFFIRMED.