# United States Court of Appeals for the Fifth Circuit

No. 22-10173
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
October 20, 2022

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Raul Garza,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:21-CR-240-2

Before Smith, Dennis, and Southwick, *Circuit Judges*.

Per Curiam:*

Raul Garza pled guilty to one count of conspiracy to possess with intent to distribute a mixture and substance containing a detectable amount of methamphetamine and was sentenced to a 168-month term of imprisonment followed by a three-year term of supervised release. On

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

appeal, Garza argues that the application of the dangerous weapon enhancement under U.S.S.G. § 2D1.1(b)(1) was clearly erroneous because there was insufficient evidence to establish that the firearm possessed by his coconspirator, Marvin Mendoza, was possessed in connection with Garza's drug trafficking activity. Garza asserts that because the drug transaction was never fully realized and no methamphetamine was recovered, his responsibility for the firearm found on Mendoza is too attenuated to support the enhancement.

We review legal questions regarding the district court's application of Section 2D1.1(b)(1) *de novo* and its findings of fact for clear error. *United States v. Rodriguez-Guerrero*, 805 F.3d 192, 195 (5th Cir. 2015); *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). The district court's finding is not clearly erroneous if it was plausible in light of the record as a whole. *See Cisneros-Gutierrez*, 517 F.3d at 764; *United States v. Ruiz*, 621 F.3d 390, 396 (5th Cir. 2010).

Before a sentencing court can apply the dangerous weapon enhancement, the Government must prove possession by a preponderance of the evidence. *United States v. Zapata-Lara*, 615 F.3d 388, 390 (5th Cir. 2010). "[W]hen another individual involved in the commission of an offense possessed the weapon, the government must show that the defendant could have reasonably foreseen that possession." *United States v. Hooten*, 942 F.2d 878, 882 (5th Cir. 1991). Because firearms are "tools of the trade" for those engaged in drug trafficking, a sentencing court may infer foreseeability of a coconspirator's possession of a weapon if the Government proves the coconspirator "knowingly possessed the weapon while he and the defendant committed the offense." *United States v. Aguilera-Zapata*, 901 F.2d 1209, 1215 (5th Cir. 1990) (quotation marks and citation omitted); *see Zapata-Lara*, 615 F.3d at 390. If the Government makes such a showing, the burden shifts

to the defendant to prove it was clearly improbable that the weapon was connected to the drug trafficking activity. *Ruiz*, 621 F.3d at 396.

Given the facts set forth in the presentence report, which was adopted by the district court, the Government made a sufficient showing that the firearm was knowingly possessed by Mendoza in connection with criminal activity jointly undertaken with Garza. *See Zapata-Lara*, 615 F.3d at 390–91; *Aguilera-Zapata*, 901 F.2d at 1215. Thus, the district court could infer that Garza would have reasonably foreseen Mendoza's possession of the firearm. *See id.* It was therefore Garza's burden to prove clear improbability that Mendoza's weapon was connected to the jointly undertaken criminal activity, and he failed to do so. *See Zapata-Lara*, 615 F.3d at 390 n.5; *Ruiz*, 621 F.3d at 396. Garza did not object to the factual summary of the offense conduct in the presentence report and did not present rebuttal evidence at sentencing. He does not dispute his connection to Mendoza, nor does he dispute that Mendoza was knowingly in possession of a weapon. Accordingly, the district court's application of the dangerous weapon enhancement was not clear error.

AFFIRMED.