# United States Court of Appeals for the Fifth Circuit

———————

No. 23-50607
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

April 10, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

David Madrid,

*Defendant—Appellant*.

———————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:23-CR-47-1

———————————————

Before Higginbotham, Stewart, and Southwick, *Circuit Judges*.

Per Curiam:[*]

David Madrid was convicted of conspiracy to possess with the intent to distribute actual methamphetamine and sentenced within the advisory guidelines range to 210 months of imprisonment and three years of supervised release. On appeal, he contends that the district court's assessment of a two-level increase pursuant to U.S.S.G. § 2D1.1(b)(1) for

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

possession of a dangerous weapon was error, as the evidence was insufficient to attribute knowledge or foreseeability of his co-defendant Hanna Rodgers's firearm to him. Because Madrid preserved the error, we review the district court's interpretation of the Guidelines de novo and its factual findings for clear error. *See United States v. Barry*, 978 F.3d 214, 217 (5th Cir. 2020).

Section 2D1.1(b)(1) establishes a two-level enhancement for those convicted of a drug-trafficking offense "[i]f a dangerous weapon (including a firearm) was possessed[.]" § 2D1.1(b)(1). The Government must prove possession of a weapon by a preponderance of the evidence, which it can do in two ways. *United States v. Sincleair*, 16 F.4th 471, 475 (5th Cir. 2021). Relevant here, "when another individual involved in the commission of an offense possessed the weapon, the Government must show that the defendant could have reasonably foreseen that possession." *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 765 (5th Cir. 2008) (internal quotation marks and citation omitted). "[B]ecause firearms are tools of the trade of those engaged in illegal drug activities, a district court may ordinarily infer that a defendant should have foreseen a co-defendant's possession of a dangerous weapon, such as a firearm," where "the government demonstrates that another participant knowingly possessed the weapon while he and the defendant committed the offense by jointly engaging in concerted criminal activity involving a quantity of narcotics sufficient to support an inference of an intent to distribute." *United States v. Zapata-Lara*, 615 F.3d 388, 390 (5th Cir. 2010) (internal quotation marks and citation omitted). Under this standard, and contrary to Madrid's assertions, the fact that a defendant may not have known about a co-defendant's firearm is irrelevant. *See, e.g.*, *United States v. Garza*, 118 F.3d 278, 285-86 (5th Cir. 1997); *United States v. Gaytan*, 74 F.3d 545, 559 (5th Cir. 1996).

The unrebutted facts in the record support the district court's finding that Rodgers's possession of a firearm was reasonably foreseeable to Madrid

and that the § 2D1.1(b)(1) enhancement was appropriate. Both the presentence report and the factual basis confirm that Madrid and Rodgers, who were in a romantic relationship and owned a business together, were engaged in jointly undertaken drug-trafficking involving a significant quantity of drugs at the time and place that the gun was found, immediately following a controlled purchase by a confidential informant (the proceeds of which were found in Madrid's pocket) and while the informant negotiated a second purchase of a larger quantity of methamphetamine. The firearm was found in the same nightstand as some of the methamphetamine to which Madrid pleaded guilty, and Rodgers knowingly possessed the gun in connection with their jointly undertaken drug-trafficking activity. The district court could plausibly infer, on this record, that Rodgers's possession of a gun was reasonably foreseeable to Madrid. *See Zapata-Lara*, 615 F.3d at 390; *Cisneros-Gutierrez*, 517 F.3d at 765-66.

AFFIRMED.