# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-41128
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 2, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LINETH GUERRA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:12-CR-874

Before STEWART, Chief Judge, and PRADO and HAYNES, Circuit Judges.

PER CURIAM:[*]

Lineth Guerra pleaded guilty to conspiracy to possess with intent to distribute 1,000 kilograms or more of marijuana and 5 kilograms or more of cocaine. The presentence report assigned a base offense level of 36 based on an equivalent marijuana weight of 18,250.8 kilograms of marijuana. Two levels were added under U.S.S.G. § 2D1.1(b)(1) for possession of a dangerous weapon because five firearms were found in a storage unit where 6,039.5

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-41128

kilograms of marijuana was stored.  Three more levels were added under U.S.S.G. § 3B1.1(b) based on Guerra's role in the offense.  The district court granted Guerra a three-level reduction for acceptance of responsibility.  This resulted in a total offense level of 38 and a recommended sentencing range of 235 to 293 months in prison.  The district court found that this range satisfied the sentencing factors of 18 U.S.C. § 3553(a).  The district court, however, granted the Government's sentencing motion and sentenced Guerra to 160 months in prison.  On appeal, Guerra argues that her sentence is unreasonable because the district court misapplied the guidelines and because the sentence is greater than necessary to meet the sentencing goals in § 3553(a).

Guerra argues that the district court erred in imposing the three-level enhancement pursuant to § 3B1.1(b) based on the conclusion that she was a manager or supervisor.  The determination that a defendant is a manager or supervisor under § 3B1.1(b) is a factual finding we review for clear error.  *United States v. Rose*, 449 F.3d 627, 633 (5th Cir. 2006).  Contrary to her argument, the record shows that Guerra supervised and managed the other members of the conspiracy following her husband's arrest.  Guerra has not established that the district court clearly erred in imposing the three-level enhancement under § 3B1.1(b).  *See id.*

She also argues that the district court erred when it applied the two-level weapons enhancement pursuant to § 2D1.1(b)(1).  A district court's determination that the § 2D1.1(b)(1) weapons enhancement applies is also a factual finding reviewed for clear error.  *United States v. Zapata-Lara*, 615 F.3d 388, 390 (5th Cir. 2010).  To support the enhancement, the Government must demonstrate a "temporal and spatial relationship [between] the weapon, the drug trafficking activity, and the defendant."  *Id.*; *see also United States v. Cisneros-Gutierrez*, 517 F.3d 751, 766 (5th Cir. 2008) (holding that a large

amount of drugs increases the likelihood of weapons).   If the Government satisfies its burden, "the burden shifts to the defendant to show that it was clearly improbable that the weapon was connected with the offense." *United States v. Ruiz*, 621 F.3d 390, 396 (5th Cir. 2010).   Immigration and Customs Enforcement agents seized 510 bricks of marijuana weighing more than 6,000 kilograms from a storage unit that was part of the conspiracy.   The agents also seized two shotguns and three assault rifles from the storage unit.   Neither in the district court nor on appeal has Guerra produced any evidence or argument showing that it was clearly improbable that the weapons were connected with the offense.   The district court did not err in applying the § 2D1.1(b)(1) enhancement.   *See Zapata-Lara*, 615 F.3d at 390.

Finally, Guerra asserts that the 160-month sentence is unreasonable and grossly disproportionate.   Sentences are reviewed for reasonableness in light of the sentencing factors in § 3553(a).   *United States v. Mares*, 402 F.3d 511, 519-20 (5th Cir. 2005).   Because Guerra failed to object in the district court to the reasonableness of his sentence, we review her arguments for plain error. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).   Guerra's arguments do not show a clear error of judgment on the district court's part in balancing the § 3553(a) factors; instead, they constitute a mere disagreement with the weighing of those factors.   That an appellate court "might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall v. United States*, 552 U.S. 38, 51 (5th Cir. 2007).

AFFIRMED.