# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-41139
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 30, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ERIC DESHAUN SMITH,

Defendant-Appellant

Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 4:13-CR-29-1

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Eric Deshaun Smith (Smith) appeals the 235-month custody sentence imposed by the district court after he pleaded guilty to conspiracy to possess with intent to manufacture and distribute methamphetamine, in violation of 21 U.S.C. § 846. Smith objects to the two-level enhancement the district court assessed pursuant U.S.S.G. § 2D1.1(b)(1) for possession of a firearm during a drug trafficking offense.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-41139

Section 2D1.1(b)(1) provides for a two-level increase in the defendant's base offense level if a firearm "was possessed" during a drug trafficking offense. *United States v. Cooper*, 274 F.3d 230, 245 (5th Cir. 2001).  As a threshold matter, the Government must prove the defendant's possession of the weapon by a preponderance of the evidence.  *United States v. Zapata-Lara*, 615 F.3d 388, 390 (5th Cir. 2010).  To do so, the Government may establish that the defendant personally possessed the weapon by showing that a temporal and spatial relationship existed between the weapon, the drug trafficking offense, and the defendant.  *See id.*  Alternatively, it may show that a coconspirator possessed the weapon in furtherance of the conspiracy and the coconspirator's possession was reasonably foreseeable to the defendant.  *See id.*  Once the Government proves possession, "the burden shifts to the defendant to show that it was clearly improbable that the weapon was connected with the offense."  *United States v. Ruiz*, 621 F.3d 390, 396 (5th Cir. 2010).

Smith fails to establish reversible error based upon the record before the district court.  Smith does not dispute that his girlfriend and coconspirator, Randi Morris, informed him that she had purchased a firearm while he was incarcerated and was storing it in their home.  Although he contends that he told Morris to dispose of the gun and assumed that she had, he offers no evidentiary support for this argument and cites only to his objections to the presentence investigation report (PSR).  But objections to the PSR are not evidence.  *See United States v. Rodriguez*, 602 F.3d 346, 363 (5th Cir. 2010) (objections to the PSR are only unsworn assertions).  Thus, Smith has not shown that the district court clearly erred in finding that Morris's continued possession of the gun was reasonably foreseeable to Smith.  *See, e.g., United States v. Gutierrez-Mendez*, 752 F.3d 418, 429 (5th Cir.) (defendant's self-serving statements and objections to PSR failed to rebut district court's finding

No. 14-41139

of reasonable foreseeability), *cert. denied*, 135 S. Ct. 298 (2014).  Nor has Smith established that the district court clearly erred in finding that the gun was connected to drug trafficking, as he does not seriously dispute that the gun was located in the same room as a safe containing $3,275, the market rate for four ounces of methamphetamine.  *See United States v. Juluke*, 426 F.3d 323, 327-28 (5th Cir. 2005) (enhancement proper where loaded weapons found in close proximity to drug proceeds).

Accordingly, the judgment of the district court is AFFIRMED.