# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-10247

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ARNULFO MALDONADO, also known as Pelon,

Defendant - Appellant

<div style="float:right">

United States Court of Appeals
Fifth Circuit

**FILED**

April 6, 2016

Lyle W. Cayce
Clerk

</div>

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:14-CR-208-5

Before KING, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:*

Arnulfo Maldonado appeals the sentence he received after pleading guilty to conspiracy to possess with intent to distribute 100 grams or more of heroin. The district court sentenced Maldonado to 292 months of imprisonment and four years of supervised release.

For the first time on appeal, Maldonado contends that the district court erred in finding the amount of heroin used to determine his base offense level

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-10247

under U.S.S.G. § 2D1.1(c). The presentence investigation report ("PSR") attributed 240.88 grams of heroin to Maldonado based on seizures and heroin found during a search of Maldonado's residence. The PSR attributed an additional 945 grams based on information obtained from a confidential informant. Maldonado argues that the PSR's attribution of the additional heroin to him does not bear sufficient indicia of reliability to be accepted without further inquiry. Because Maldonado failed to properly raise this objection at sentencing, our review is for plain error. *United States v. Dominguez–Alvarado*, 695 F.3d 324, 327 (5th Cir. 2012). On plain error review, we "may correct a sentencing determination only if: (1) there is error; (2) it is plain; and (3) it affects substantial rights." *United States v. Cedillo–Narvaez*, 761 F.3d 397, 402 (5th Cir.), *cert. denied*, 135 S. Ct. 764 (2014). If we determine that these three prongs are satisfied, "then we have the discretion to remedy the forfeited error, but we should not exercise that discretion unless 'the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *Id.* (alteration in original) (quoting *United States v. Olano*, 507 U.S. 725, 732 (1993)).

We find no plain error in the district court's conclusion that the additional 945 grams of heroin were attributable to Maldonado. "When making factual findings for sentencing purposes, district courts 'may consider any information which bears sufficient indicia of reliability to support its probable accuracy.'" *United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012) (quoting *United States v. Solis*, 299 F.3d 420, 455 (5th Cir. 2002)). Contrary to Maldonado's suggestion, his PSR contained sufficient indicia of reliability even though it attributed the additional heroin to Maldonado based on information obtained from a confidential informant. Law enforcement had been investigating the drug-trafficking scheme in which Maldonado was involved for several years, and, during that time, the information provided by the

confidential informant was corroborated and determined to be reliable. And the informant's statements about the amount of heroin attributable to Maldonado were consistent with other details of the investigation. For example, Maldonado was frequently described as a large-scale dealer of heroin and supplied at least four "runners"—individuals who distributed heroin to their own customers—with between 6 and 12 grams of heroin per day. Because the PSR contained sufficient indicia of reliability to support the confidential informant's report, the district court committed no error in attributing the additional 945 grams of heroin to Maldonado. *See United States v. Rogers*, 1 F.3d 341, 344 (5th Cir. 1993) (finding sufficient indicia of reliability to support a confidential informant's report where the "government['s] investigation . . . corroborated many of the other details of the drug distribution scheme").

Maldonado next contends that the district court erred in applying the enhancement in § 2D1.1(b)(1) for possession of a dangerous weapon because the PSR lacked sufficient indicia of reliability to establish that he possessed a firearm. Maldonado raised this objection in the district court, so we review the district court's factual findings for clear error and its interpretation and application of the Sentencing Guidelines *de novo*. *United States v. Cisneros–Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). We perceive no error in the district court's reliance on the PSR to find that Maldonado possessed a dangerous weapon. The PSR's conclusion that Maldonado possessed a weapon was based on the statement of a confidential informant with whom law enforcement officials had significant experience. Other information provided by this informant had proved credible, and the statements of this informant were consistent with other information uncovered during the investigation. Thus, the facts of Maldonado's weapon possession as described in the PSR and in the PSR Addendum had sufficient indicia of reliability and demonstrated, by a preponderance of the evidence, a temporal and spatial relationship of the

weapons, the drug trafficking activity, and Maldonado. *See United States v. Zuniga*, 720 F.3d 587, 590–91 (5th Cir. 2013); *United States v. Zapata-Lara*, 615 F.3d 388, 390 (5th Cir. 2010). Accordingly, the district court committed no error in applying an enhancement under § 2D1.1(b)(1).

Finally, Maldonado contends that the district court erred in refusing to award a reduction for acceptance of responsibility under § 3E1.1(a). This court will affirm a district court's denial of a § 3E1.1(a) reduction unless that denial was "without foundation." *United States v. Washington*, 340 F.3d 222, 227 (5th Cir. 2003) (quoting *United States v. Maldonado*, 42 F.3d 906, 913 (5th Cir. 1995)). The district court found that Maldonado "significantly minimized all relevant aspects of his criminal conduct." For example, Maldonado stated that he was involved in the distribution of heroin primarily to aid heroin addicts suffering withdrawal symptoms and that he only had the 232.28 grams of heroin that law enforcement seized from his residence because someone else had asked him to hold onto a package. He also stated that he did not know codefendant Sergio Godinez and, in so doing, falsely denied relevant conduct. Based on these examples of Maldonado minimizing his criminal conduct, the district court's denial of a reduction under § 3E1.1(a) was not without foundation. *See United States v. Juarez-Duarte*, 513 F.3d 204, 211 (5th Cir. 2008); *United States v. Cabrera*, 288 F.3d 163, 177 (5th Cir. 2002).

The judgment of the district court is AFFIRMED.