# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-10760
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 22, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JESSICA ANN ROSEMERGY,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CR-22-2

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Jessica Ann Rosemergy appeals the 80-month below-guidelines sentence the district court imposed after her guilty plea conviction for conspiracy to possess with intent to distribute a controlled substance, namely methamphetamine. She asserts that the district court erred in imposing a two-level enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) for possession of a dangerous weapon. We review a district court's application of § 2D1.1(b)(1) for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

clear error as a factual finding.  *See United States v. King*, 773 F.3d 48, 52 (5th Cir. 2014), *cert. denied*, 135 S. Ct. 1865 (2015).

Section 2D1.1(b)(1) provides for a two-level increase in the defendant's offense level "[i]f a dangerous weapon (including a firearm) was possessed." § 2D1.1(b)(1).  The enhancement applies "if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." § 2D1.1, comment. (n.11(A)).  Rosemergy specifically argues that application of the enhancement violated her due process rights because the "clearly improbable" phrase in Comment 11 of the Application Notes to § 2D1.1 impermissibly shifted the burden of proof to her by ignoring the Government's obligation to prove the applicability of the sentencing enhancement.  This court has already rejected a similar argument.  *See United States v. Ortiz-Granados*, 12 F.3d 39, 41 (5th Cir. 1994).

Moreover, contrary to Rosemergy's assertion, the phrase neither creates a presumption of wrongdoing nor erodes the Government's burden, as it is well-settled that the Government must first prove by a preponderance of the evidence that the defendant actually or constructively possessed the weapon. *See United States v. Zapata-Lara*, 615 F.3d 388, 390 (5th Cir. 2010).  Also, when, as here, a co-defendant personally possessed the weapon, "the [G]overnment must show that the defendant could have reasonably foreseen that possession."  *Id.* (internal quotation marks and citation omitted). Therefore, the defendant has the burden of showing that it is clearly improbable that the weapon was connected to the offense if, and only if, the Government satisfies its initial burden of proving that it was reasonably foreseeable to the defendant that a co-defendant possessed a weapon.  *Id.* at 391 n.5.

No. 15-10760

Even if Rosemergy could show that the district court impermissibly shifted the burden of proof to her, her due process violation claim still fails under harmless error review. *See Sealed Appellee 1 v. Sealed Appellant 1*, 767 F.3d 418, 424-25 (5th Cir. 2013). Based on the extensive and undisputed evidence in the record, Rosemergy cannot demonstrate a "reasonable likelihood" that her substantial rights were affected. *Id.* The facts demonstrate that (1) Ayala and her co-defendant were involved in a criminal enterprise, with Rosemergy supplying her co-defendant with methamphetamine; (2) the co-defendant stored the drugs at her residence; and (3) the co-defendant affirmatively brandished a shotgun in that same residence during a time when both the drugs and Rosemergy were present. Therefore, the district court could infer foreseeability from Rosemergy's co-defendant's knowing possession of the weapon, *see Zapata-Lara*, 615 F.3d at 390, and Rosemergy does not set forth any evidence suggesting that it was clearly improbable that the weapon was connected with the drug offense. *See* § 2D1.1, comment. (n.11(A)).

The district court did not clearly err by applying § 2D1.1(b)(1)'s two-level enhancement. *See King*, 773 F.3d at 52. AFFIRMED.