# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-11503
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 7, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

WILLIAM JOSEPH OROZCO,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-118-3

Before STEWART, Chief Judge, and JOLLY and JONES, Circuit Judges.

PER CURIAM:[*]

William Joseph Orozco pleaded guilty to one count of conspiracy to possess with intent to distribute methamphetamine and was sentenced below the advisory guidelines range to 210 months of imprisonment and a three-year term of supervised release. Orozco argues on appeal that the district court erred by applying a two-level enhancement under U.S.S.G. § 2D1.1(b)(1) for possession of a dangerous weapon, namely a firearm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-11503

The "district court's interpretation or application of the Sentencing Guidelines is reviewed de novo, and its factual findings . . . are reviewed for clear error.  There is no clear error if the district court's finding is plausible in light of the record as a whole." *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008) (internal quotation marks and footnote omitted).  While it is undisputed that Orozco preserved his argument by objecting on the same grounds below, the parties disagree as to whether the argument concerns the district court's factual findings or the district court's application of the Guidelines.  *See id.*  We need not resolve the issue because Orozco's argument fails regardless of whether review is for clear error or de novo.

Because there is no indication in the record that Orozco personally possessed a firearm, the Government must demonstrate that "another individual involved in the commission of [the] offense possessed the weapon," and that Orozco "could have reasonably foreseen that possession."  *Id.* at 764-65 (internal quotation marks and footnote omitted).  "[B]ecause firearms are tools of the trade of those engaged in illegal drug activities, a district court may ordinarily infer that a defendant should have foreseen a co-defendant's possession of a dangerous weapon" where "the government demonstrates that another participant knowingly possessed the weapon while he and the defendant committed the offense by jointly engaging in concerted criminal activity involving a quantity of narcotics sufficient to support an inference of an intent to distribute." *United States v. Zapata-Lara*, 615 F.3d 388, 390 (5th Cir. 2010) (internal quotation marks and citation omitted).  Further, the "amount of drugs [involved] . . . and their street value increase the likelihood—and thus foreseeability—that those involved in the conspiracy will have dangerous weapons." *Cisneros-Gutierrez,* 517 F.3d at 766.

No. 16-11503

While Orozco argues that he could not have reasonably foreseen the knowing possession of a firearm by his coconspirator John Phillip Ishak, Jr., the undisputed facts do not support his argument. Orozco's own residence was frequently used to store and sell methamphetamine, Orozco and Ishak engaged in several drug runs together, and Ishak visited Orozco's residence on at least six occasions with drugs and a firearm. Given that, Ishak's knowing possession of the firearm was reasonably foreseeable to Orozco for purposes of applying the § 2D1.1(b)(1) enhancement. *See Cisneros-Gutierrez*, 517 F.3d at 765-66.

AFFIRMED.