# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 16-11715
Summary Calendar

————

United States Court of Appeals
Fif h Circuit

**FILED**

November 3, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSEPH RAMIREZ,

Defendant-Appellant

————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-140-2

————

Before STEWART, Chief Judge, and DENNIS and HAYNES, Circuit Judges.
PER CURIAM:[*]

Joseph Ramirez appeals his 180-month, within-guidelines sentence for conspiracy to possess with intent to distribute cocaine, alleging that the district court erred by applying a two-level enhancement based on his possession of a firearm during a drug trafficking offense. *See* U.S.S.G. § 2D1.1(b)(1). Ramirez contends that the statement of Cedric Peoples, who told police that he had "in the past" observed a firearm in the converted garage in which Ramirez stored

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-11715

narcotics for sale, was insufficient to support the enhancement. This is so, he asserts, because Peoples is not reliable and, further, because Peoples did not specify that he had observed the firearm in Ramirez's garage during the period of the charged conspiracy. *See* § 2D1.1(b)(1).

The district court's determination that the § 2D1.1(b)(1) enhancement applies is a factual finding that this court reviews for clear error. *United States v. Romans*, 823 F.3d 299, 317 (5th Cir. 2016). "A factual finding is not clearly erroneous if it is plausible, considering the record as a whole." *Id.* (internal quotation marks and citation omitted).

Ramirez fails to show that the district court clearly erred in relying on Peoples's statement in the presentence report (PSR). *See id.* Peoples's assertion was corroborated by the police search of Ramirez's garage, which uncovered a large quantity of packaged narcotics in close proximity to a loaded pistol magazine. *Cf. United States v. Gaytan*, 74 F.3d 545, 558 (5th Cir. 1996). Ramirez's bare contention that Peoples is not reliable does not demonstrate that the information in the PSR is "materially untrue, inaccurate or unreliable." *United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012).

Further, the discovery of the loaded magazine and the packaged narcotics in Ramirez's garage, coupled with Peoples's statement and other evidence of Ramirez's drug activity, suffices to show a temporal and spatial relationship between Ramirez, the drug trafficking activity, and the firearm. *See United States v. Zapata-Lara*, 615 F.3d 388, 390 (5th Cir. 2010); *United States v. Marquez*, 685 F.3d 501, 505, 507-08 (5th Cir. 2102). Finally, Ramirez does not argue that it is clearly improbable that the loaded magazine found in his garage was connected to the offense. *See Zapata-Lara*, 615 F.3d at 391 n.5; *United States v. Charles*, 469 F.3d 402, 408 (5th Cir. 2006).

AFFIRMED.