# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
January 6, 2020

Lyle W. Cayce
Clerk

No. 19-10260
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

TEASIE WINNELL SCOTT,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:18-CV-20-5

Before BARKSDALE, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Regarding her guilty-plea conviction for conspiracy to possess, with intent to distribute, methamphetamine, in violation of 21 U.S.C. §§ 841 and 846, Teasie Winnell Scott challenges two sentencing rulings:  the district court's calculation of the relevant-conduct drug quantity, pursuant to Sentencing Guideline § 1B1.3(a)(1)(B); and its increasing her offense level based on firearm possession, pursuant to Guideline § 2D1.1(b)(1).

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009).

In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). Both the court's calculating the relevant-conduct drug quantity and applying the two-offense-level, firearm-possession increase are factual findings, affirmed unless implausible in the light of the whole record. *United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005) (drug quantity); *United States v. Eastland*, 989 F.2d 760, 769 (5th Cir. 1993) (citation omitted) (firearm possession).

Concerning Guideline § 1B1.3(a)(1)(B)'s relevant-conduct, drug-quantity calculation, "in the case of a jointly undertaken criminal activity", relevant offense conduct includes "all acts and omissions of others that were[:] within the scope of the jointly undertaken criminal activity, in furtherance of that criminal activity, and reasonably foreseeable in connection with that criminal activity . . .". U.S.S.G. § 1B1.3(a)(1)(B) & cmt. n.3. "[D]rugs not specified in the count of conviction may be considered in determining the offense level". *Id.* § 2D1.1, cmt. n.5.

Scott does not challenge her admissions to having conspired with numerous people to traffic in methamphetamine and knowingly allowing her house to be used for such transactions. Ample record evidence documented

No. 19-10260

those transactions.  She asserts instead that she did not directly participate in the transaction at issue; such direct participation, however, is not required. *See* U.S.S.G. § 1B1.3(a)(1)(B) & cmt. n.3.

For Guideline § 2D1.1(b)(1)'s two-offense-level, firearm-possession increase, the Government need only show another participant in the offense possessed a firearm and defendant could have reasonably foreseen that possession.  *United States v. Zapata-Lara*, 615 F.3d 388, 390 (5th Cir. 2010). The record establishes the purchaser, a confidential source, contacted Scott's cousin to purchase firearms.  Her cousin instructed the purchaser to go to a house to meet Scott, who entered his vehicle and guided him to another residence, where they picked up an unidentified firearm supplier.  Scott then directed the purchaser to return to the initial house, where the sale occurred. Even assuming, as Scott contends, that she was not physically in the room when the sale occurred, it was not clear error to find another participant's possessing a firearm was reasonably foreseeable to her.

AFFIRMED.

3