# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
March 12, 2020

Lyle W. Cayce
Clerk

No. 19-50399
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DONOVAN LAFURD RAY JACOBS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:18-CR-259-5

Before KING, GRAVES, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Donovan Lafurd Ray Jacobs pleaded guilty to conspiracy to possess with intent to distribute and to distribute at least 50 grams of methamphetamine and conspiracy to possess with intent to distribute and to distribute at least 500 grams of cocaine. The district court imposed concurrent sentences of 200 months of imprisonment and four years of supervised release. Jacobs was also ordered to forfeit a Glock firearm and $7,435.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-50399

Pursuant to U.S.S.G. § 2D1.1(b)(1), a two-level enhancement was applied to Jacobs's offense level for his possession of the firearm. He now challenges that enhancement on appeal, arguing that the record contains insufficient evidence to support it and that the district court failed to articulate the factual basis for its finding that the enhancement was applicable. Our review is for clear error. *United States v. Gentry*, 941 F.3d 767, 792 (5th Cir. 2019).

Jacobs's case differs from *United States v. Hooten*, 942 F.2d 878 (5th Cir. 1991), and *United States v. Zapata-Lara*, 615 F.3d 388 (5th Cir. 2010), upon which he largely relies. In those cases, it was unclear whether the district court found that the defendant personally possessed a weapon or whether the weapon was personally possessed by a codefendant but nevertheless attributable to the defendant. *See Hooten*, 942 F.2d at 881-82; *Zapata-Lara*, 615 F.3d at 390-91. The instant record is distinguishable in that it has not left us "second-guessing the basis of the sentencing court's decision." *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 766 (5th Cir. 2008) (internal quotation marks and citation omitted). The record reflects that the district court found Jacobs personally possessed the firearm.

To show § 2D1.1(b)(1) was applicable, the Government had to show "that a temporal and spatial relationship existed between the weapon, the drug trafficking activity, and [Jacobs]." *United States v. Marquez*, 685 F.3d 501, 507 (5th Cir. 2012); *see also United States v. Vital*, 68 F.3d 114, 119 (5th Cir. 1995) (recognizing that § 2D1.1(b)(1) applies "when the defendant possesses a dangerous weapon during the course of related relevant conduct"). The Government did so in this case by showing that Jacobs kept the firearm along with more than $7,000 in cash in a residence a DEA agent testified was Jacobs's "business home." *See United States v. Mitchell*, 31 F.3d 271, 278 (5th

2

No. 19-50399

Cir. 1994); *see also United States v. Romans*, 823 F.3d 299, 321-22 (affirming § 2D1.1(b)(1)'s application where the defendant's firearm was found inside a home along with $24,000 in cash that had been delivered to the defendant as drug proceeds).   Jacobs provided no rebuttal evidence that "it was clearly improbable that the weapon was connected with the offense." *United States v. King*, 773 F.3d 48, 53 (5th Cir. 2014) (internal quotation marks and citation omitted).  The judgment of the district court is AFFIRMED.