# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
May 3, 2021

Lyle W. Cayce
Clerk

No. 20-10842
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Laurentino Aguillon-Hernandez, Sr.,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CR-362-10

Before Haynes, Willett, and Ho, *Circuit Judges*.

Per Curiam:*

Laurentino Aguillon-Hernandez, Sr., pleaded guilty to conspiracy to possess with the intent to distribute 50 grams or more of a substance containing a detectable amount of methamphetamine. A co-conspirator told law enforcement that Aguillon-Hernandez had tried to sell him a firearm for

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

$600 while he was retrieving drug proceeds from Aguillon-Hernandez's shop. Based on the co-defendant's statement, the district court applied a two-level increase to Aguillon-Hernandez's offense level for possession of a firearm in connection with a drug offense. *See* U.S.S.G. § 2D1.1(b)(1). Aguillon-Hernandez was sentenced to a within-Guidelines sentence of 275 months of imprisonment and four years of supervised release. On appeal, Aguillon-Hernandez challenges the application of the firearm enhancement. Specifically, he contends that the district court erred by relying solely on the co-conspirator's statement, which did not establish that the firearm was used in connection with the drug offense.

The district court's decision to apply a two-level increase under U.S.S.G. § 2D1.1(b)(1) is a factual determination that is reversible only if it is clearly erroneous. *United States v. Marquez*, 685 F.3d 501, 508 (5th Cir. 2012). "When making factual findings for sentencing purposes, a district court may consider any information which bears sufficient indicia of reliability to support its probable accuracy." *United States v. Zuniga*, 720 F.3d 587, 590 (5th Cir. 2013) (internal quotation marks and citation omitted).

Here, the co-conspirator's statement about the firearm was sufficiently reliable given that he had provided other consistent and credible information during the investigation. *See United States v. Rico*, 864 F.3d 381, 386 (5th Cir. 2017); *United States v. Barfield*, 941 F.3d 757, 762 (5th Cir. 2019). Aguillon-Hernandez did not submit any competent rebuttal evidence to refute the co-conspirator's statement; his bare contention that the co-conspirator was unreliable and his mere denial of firearm possession do not demonstrate that the facts on which the district court relied are "materially untrue, inaccurate, or unreliable." *United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012) (internal quotation marks and citation omitted).

No. 20-10842

Further, the record establishes, by a preponderance of the evidence, a temporal and spatial relationship of the firearm, the drug trafficking activity, and Aguillon-Hernandez, which is all that is needed for § 2D1.1(b)(1) to apply. *See United States v. Zapata-Lara*, 615 F.3d 388, 390 (5th Cir. 2010). Aguillon-Hernandez offered to sell the firearm while the co-conspirator was collecting drug proceeds from the automobile shop, where Aguillon-Hernandez regularly distributed large quantities of drugs. These facts support the reasonable inference that Aguillon-Hernandez possessed a firearm in connection with his drug offense. *See United States v. Ramos-Delgado*, 763 F.3d 398, 400 (5th Cir. 2014). Accordingly, the district court's application of § 2D1.1(b)(1) was not clearly erroneous.

AFFIRMED.