# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 29, 2022

Lyle W. Cayce
Clerk

No. 21-51227
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

NAOMI MICHELLE GUTIERREZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:21-CR-231-5

Before HIGGINBOTHAM, GRAVES, and HO, *Circuit Judges*.

PER CURIAM:*

Naomi Michelle Gutierrez appeals the sentence imposed following her guilty plea conviction for conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841 and 846. She argues that the district court clearly erred in denying her a minor-role adjustment

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

pursuant to U.S.S.G. § 3B1.2(b) because others in the conspiracy were the primary distributors and because the district court took into account the amount of drugs she distributed when deciding whether to apply the adjustment. She also argues that the district court clearly erred in applying a two-level upward adjustment for a firearm being possessed in connection with the offense pursuant to U.S.S.G. § 2D1.1(b)(1). She contends the adjustment should not apply because there was no evidence that she knew of the weapons possessed by one of her co-conspirators and because there was no evidence that she could foresee his possession of the weapons.

We review factual findings made by the district court in connection with §§ 3B1.2(b) and 2D1.1(b)(1) for clear error. *See United States v. Sanchez-Villarreal*, 857 F.3d 714, 721 (5th Cir. 2017); *United States v. King*, 773 F.3d 48, 52 (5th Cir. 2014). "A factual finding is not clearly erroneous if it is plausible in light of the record read as a whole." *Sanchez-Villarreal*, 857 F.3d at 721; *see also King*, 773 F.3d at 52.

There was no clear error in declining to apply a minor-participant adjustment as Gutierrez failed to carry her burden of showing the culpability of an average participant in the drug trafficking conspiracy, and she did not show that she was substantially less culpable than an average participant. *See United States v. Castro*, 843 F.3d 608, 613 (5th Cir. 2016). Also, there was evidence that Gutierrez understood the criminal activity's scope and structure; that she had, at least on one occasion, been involved in planning and organizing the criminal activity; that the nature and extent of her participation included distributing methamphetamine on a regular basis; that, at least on one occasion, she took over deliveries for the leader of the conspiracy; and that she benefitted from the criminal activity by profiting

from the distribution of methamphetamine that she personally sold.  *See* § 3B1.2, comment. (n.3(C)).

The district court also did not clearly err in applying the § 2D1.1(b)(1) enhancement.  Gutierrez does not dispute that one of her co-conspirators knowingly possessed firearms while she and he committed the drug trafficking offense.  It is irrelevant that she may not have known about the co-conspirator's firearms or possessed them.  *See United States v. Garza*, 118 F.3d 278, 285-86 (5th Cir. 1997); *United States v. Zapata-Lara*, 615 F.3d 388, 390 (5th Cir. 2010).  The district court's judgment is AFFIRMED.