# United States Court of Appeals
# for the Fifth Circuit

————————

No. 22-10344
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
March 31, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Ronald Wayne Brewer,

*Defendant—Appellant*.

————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:21-CR-32-1

————————————————————

Before Jones, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Ronald Wayne Brewer appeals the 135-month sentence imposed by the district court following his guilty plea conviction for conspiracy to possess with intent to distribute a mixture or substance containing a detectable amount of methamphetamine.

————————————————

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

First, Brewer argues that the district court erred by imposing the two-level enhancement under U.S.S.G. § 2D1.1(b)(1) based on his co-conspirator's possession of a firearm without evidence that he could have reasonably foreseen that his co-conspirator would be in possession of the firearm. Where such a claim of sentencing error has been preserved, we review the district court's interpretation of the Guidelines de novo and its factual findings for clear error. *See United States v. Barry*, 978 F.3d 214, 217 (5th Cir. 2020). We need not decide whether Brewer preserved this claimed error because, even if we assume it was preserved, his challenge fails. *See United States v. Suchowolski*, 838 F.3d 530, 532 (5th Cir. 2016).

Section 2D1.1(b)(1) establishes a two-level enhancement for those convicted of a drug-trafficking offense "[i]f a dangerous weapon (including a firearm) was possessed[.]" § 2D1.1(b)(1). Where the weapon was possessed not by the defendant but by "another individual involved in the commission of an offense . . . , the Government must show that the defendant could have reasonably foreseen that possession." *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 765 (5th Cir. 2008) (internal quotation marks and citation omitted). Whether a co-conspirator's or co-defendant's possession of a firearm was reasonably foreseeable to a defendant is a factual finding reviewed for clear error. *See id.* at 765-66; *United States v. Chavez*, 119 F.3d 342, 348 (5th Cir. 1997).

In this case, officers observed a vehicle, driven by Brewer's co-conspirator, leave Brewer's residence and continue to a parking lot, where Brewer exited the vehicle to speak to the driver of another vehicle. When Brewer returned to the co-conspirator's vehicle, Brewer was arrested. Brewer was carrying a plastic baggie containing methamphetamine, and officers located a digital scale in his possession. In addition, a plastic baggie containing methamphetamine was found in the center console of the co-conspirator's vehicle, and an empty handgun holster was located under the

driver's seat.  During a search of the co-conspirator, the officers located a 9-millimeter pistol in his waistband, and the magazine was loaded with 10 rounds.  Following the arrest, Brewer admitted that he had conducted a drug transaction in the parking lot and that he and his co-conspirator had been headed to a dope house.

During the sentencing hearing, Brewer's counsel conceded that Brewer and the co-conspirator were engaged in jointly undertaken criminal activity from the time they got into the co-conspirator's vehicle until their arrest.  The district court found that the co-conspirator's possession of the firearm was within the scope of the jointly undertaken criminal activity and that it was reasonably foreseeable to Brewer that his co-conspirator would have the firearm.  Based on this record, the district court did not clearly err in finding that the co-conspirator's possession of the firearm was reasonably foreseeable to Brewer.  *See Cisneros-Gutierrez*, 517 F.3d at 765-66; *Chavez*, 119 F.3d at 348; *see also United States v. Zapata-Lara*, 615 F.3d 388, 390 (5th Cir. 2010) ("[B]ecause firearms are tools of the trade of those engaged in illegal drug activities, a district court may ordinarily infer that a defendant should have foreseen a co-defendant's possession of a dangerous weapon" where "the government demonstrates that another participant knowingly possessed the weapon while he and the defendant committed the offense by jointly engaging in concerted criminal activity involving a quantity of narcotics sufficient to support an inference of an intent to distribute." (internal quotation marks and citation omitted)).

Second, Brewer argues that the district court erred by treating the Sentencing Guidelines as mandatory rather than advisory.  Because Brewer filed a motion for a downward variance based on a policy disagreement with the treatment of methamphetamine under the Guidelines, we regard this claim as preserved and review for an abuse of discretion.  *See United States v. Gozes-Wagner*, 977 F.3d 323, 338-39 (5th Cir. 2020).  During the sentencing

No. 22-10344

hearing, the district court acknowledged that it had the discretion to vary from the Guidelines based on the policy disagreement that Brewer had raised, but it declined to do so. *See United States v. Malone*, 828 F.3d 331, 340 (5th Cir. 2016). Accordingly, the district court did not abuse its discretion. *See Gozes-Wagner*, 977 F.3d at 340.

The district court's judgment is AFFIRMED.