# United States Court of Appeals
# for the Fifth Circuit

---

No. 23-10577
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
June 25, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Guilibaldo Garcia-Rodriguez,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:22-CR-146-2

---

Before Elrod, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Guilibaldo Garcia-Rodriguez appeals the sentence imposed following his conviction for conspiracy to possess with intent to distribute cocaine. He challenges the district court's assessment of a two-level increase to his offense level for the possession of a dangerous weapon because he argues that his co-defendant, Rigoberto Barreto-Pineda, owned and possessed the

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

firearm. Because Garcia-Rodriguez preserved the issue for appeal, we review the district court's interpretation of the guidelines de novo and its factual findings for clear error. *See United States v. Fernandez*, 770 F.3d 340, 342, 344–45 (5th Cir. 2014).

Section 2D1.1 provides for a two-level enhancement "[i]f a dangerous weapon (including a firearm) was possessed" during a drug trafficking offense. U.S.S.G. § 2D1.1(b)(1). The Government has the burden to prove possession of a weapon by a preponderance of the evidence, which it may do by "showing a temporal and spatial relationship of the weapon, the drug trafficking activity, and the defendant." *United States v. Zapata-Lara*, 615 F.3d 388, 390 (5th Cir. 2010). Such a relationship exists if "the weapon was found in the same location where drugs or drug paraphernalia are stored or where part of the transaction occurred." *Id.* If the Government sufficiently demonstrates possession, the burden shifts to the defendant to show that it is clearly improbable that the possessed weapon was connected to the offense. *Id.* at 391 n.5.

The unrebutted facts in the record support the district court's finding that Barreto-Pineda's possession of a firearm was reasonably foreseeable to Garcia-Rodriguez. *See United States v. Hernandez*, 457 F.3d 416, 423 (5th Cir. 2006). The presentence report establishes that after Garcia-Rodriguez and Barreto-Pineda conducted a drug transaction with a confidential informant, they refused to pull over for a traffic stop, and a chase ensued. During the pursuit, federal agents observed a red bag being thrown from the truck and located the bag, which contained 4,969 grams of cocaine, 25.43 grams of cocaine base, a semi-automatic pistol, a loaded magazine, and Barreto-Pineda's cell phone. Given the temporal and physical proximity of the firearm to the drug activity and Garcia-Rodriguez himself as well as this court's recognition of firearms as tools of the drug trade, the district court's relevant findings applying the dangerous-weapon enhancement were not

No. 23-10577

implausible in light of the whole record. *See United States v. Aguilera-Zapata*, 901 F.2d 1209, 1215 (5th Cir. 1990).

Garcia-Rodriguez asks us to revisit our precedent and reconsider what he calls a "strict liability" approach to § 2D1.1(b)(1). He correctly recognizes, however, that the rule of orderliness bars his argument absent an intervening change in the law and raises the issue to preserve it for further review. *See United States v. Boche-Perez*, 755 F.3d 327, 334 (5th Cir. 2014).

The district court's judgment is AFFIRMED. Garcia-Rodriguez's motion to amend the caption is DENIED.