# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 23-50658
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
July 2, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Richard Villareal,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:23-CR-63-3

———————————————————————

Before Barksdale, Graves, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Richard Villareal challenges his within-Guidelines 240-months' sentence following his pleading guilty to conspiracy to possess with intent to distribute a quantity of actual methamphetamine, in violation of 21 U.S.C. §§ 846 (prohibiting conspiracy), 841(a)(1) (outlawing possession with intent to distribute), 841(b)(1)(C) (discussing penalty).  In doing so, he contests the

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

district court's finding his coconspirator's possession of firearms was reasonably foreseeable to him and, therefore, warranted a two-level enhancement under Guideline § 2D1.1(b)(1) (applying enhancement "[i]f a dangerous weapon (including a firearm) was possessed").

Although post-*Booker*, the Sentencing Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

"Because the decision to apply § 2D1.1(b)(1) is a factual one, we review only for clear error." *United States v. Zapata-Lara*, 615 F.3d 388, 390 (5th Cir. 2010) (citation omitted). In that regard, our court considers firearms "tools of the trade of those engaged in illegal drug activities". *United States v. Aguilera-Zapata*, 901 F.2d 1209, 1215 (5th Cir. 1990) (citation omitted). Therefore, a coconspirator's possession of a firearm is foreseeable to defendant "if the government demonstrates that [the coconspirator] knowingly possessed the weapon while he and the defendant committed the offense by jointly engaging in concerted criminal activity involving a quantity of narcotics sufficient to support an inference of intent to distribute". *Id.* In the light of the unrebutted sentencing evidence regarding the conspiracy and Villareal's role in it, including the large amount of drugs involved in the conspiracy, the coconspirator kept two firearms and the drugs in the same closet, and Villareal was a middleman for the drugs' distribution, the court did not clearly err in finding his coconspirator's possession of firearms was

No. 23-50658

reasonably foreseeable to Villareal. *See id.* at 1215–16; *United States v. Garza*, 118 F.3d 278, 285–86 (5th Cir. 1997) (affirming enhancement's application); *Cisneros-Gutierrez*, 517 F.3d at 766 (explaining large drug quantity and street value increases likelihood, and foreseeability, conspirators will possess firearms).

AFFIRMED.